CLYMER, for the case of CONGER and AUKENY, Assignees, *v.* JOHN F. WILLIS, Sheriff.

Money in the hands of the sheriff collected on execution, is not a debt due to the plaintiff in the execution, but is in the custody of the law until properly disposed of, and is not the subject of attachment or garnishment.

Qu? Where the attaching creditor is without other relief,

The sheriff cannot attach money collected on execution in his own hands. If at any time such money is subject to other process in his hands, such process must be executed by the coroner.

APPEAL from the District Court of the Ninth Judicial District, Colusi County.

This was an application against the sheriff, to pay over money which came into his hands on execution. The proceeding was under " an act concerning sheriffs," passed April 29th, 1851.

The following were the facts presented to the court as agreed upon.

That at the November Term, 1852, said Clymer obtained judgment against L. H. Sanderson for $3647, upon which an execution issued and was delivered to H. P. Bernes, then acting as under-sheriff of said Willis, on the 6th November, 1852, returnable in 30 days; the return of which shows, that $3540 had been made thereon by the sheriff; and Willis, by his said under-sheriff, makes a special return, showing that the sum of $2614 40 was paid over to said Clymer, and that on the 20th November, 1852, there were three writs of attachment issued by Newell Hall, J. P., in favor of different plaintiffs, and against Luther H. Sanderson and Samuel S. Clymer, defendants, by virtue of which, he levied upon the gross sum of $615 14, of the money he collected, and in his possession, as the money of said Clymer, and admitting the sum of $310 46 to be due, and claiming to retain the said sum of $615 14 in his hands, subject to the attachments aforesaid, which he refuses to pay over to said Conger and Aukeny, as assignees of said Clymer; to whom Clymer assigned said judgment on the 17th January, 1853, and who made a legal demand on the sheriff for the sum of $925 60, which they claimed to be due, of which claim notice was duly served on said sheriff, and of this application.

Upon these facts plaintiffs demand judgment against defendant, for the above sum of $925 60, less the said sum of $310 40.

The court refused the prayer and application of the plaintiffs, and ordered, that defendant recover his costs; to which plaintiffs except, and appeal, and as the ground of error, allege that the money attached in the hands of the sheriff was in the custody of the law, and not liable to be attached as the money of said Clymer, and for other causes.

*Conger* and *Aukeny* for appellants.

The money attached in the hands of the officer, within the life of the execution, is not the property of the plaintiff in the execution liable to attachment, but is money in the custody of the law, and cannot be levied upon or attached. 3 Mass. 289, and cases referred to; 17 Pickering, 462, and cases cited.

The money collected on execution is not a debt due to the

plaintiff in the execution, nor is the officer the trustee or creditor of the plaintiff in the execution.  3 Mass. 292; 2 Hill, 220; 1 Cranch, 117.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The remedies of attachment and garnishment are the creatures of statute, and cannot be extended to cases not named in the act.

Money in the hands of the sheriff collected on execution, is not a debt due to the plaintiff in execution, but is in the custody of the law until finally and properly disposed of.  It cannot therefore be the subject of attachment or garnishment.  If the attaching creditor of the plaintiff in execution was otherwise remediless, it may be that chancery would afford relief by process of sequestration, but this we are not now called on to decide.

A striking irregularity in this case is the attempt of the sheriff to attach what was in his own hands.  The sheriff acquires a special property in whatever comes to his hands, by virtue of his office, and if it is at any time subject in his hands to other process, to which he must necessarily be a party, such process must be executed by the coroner.

The judgment is reversed, and the cause remanded.