GEORGE W. CAMPBELL, Plaintiff in Error, *v.* MILTON HASBROOK, Defendant in Error.

ERROR TO PEORIA.

A constable charged with an execution, must pay over the money made under it, either to the plaintiff or to the justice who issued it; he cannot levy upon it under another execution.

THIS was an action commenced in the Circuit Court of Peoria county, by motion, under the 116th section of chapter 59, of the Revised Statutes, entitled Justices of the Peace and Constables, to recover the amount of money collected on an execution, by plaintiff in error, with twenty per cent. damages.

The affidavit upon which the motion is predicated, was made by Christian Lammers, and sets out that on the 7th day of November, 1859, said Hasbrook, for the use of Christian Lammers, recovered a judgment against Norman Howe, before Harrison Smith, justice of the peace, for the sum of $84.56, with costs; that execution issued thereon on the 28th day of November, 1859, which was delivered to Campbell, as constable, to execute.   That Campbell collected the money during the life-

time of the execution; that he refused to pay it on demand of said Lammers; that the time for returning said execution has long since expired, and Campbell still refuses to pay either to affiant or to the justice of the peace.

In his answer, Campbell admits that he received the execution set out in the affidavit; that he levied the same upon certain goods and chattels of said Howe, which he afterwards sold, and made money enough to satisfy the execution.

He then sets forth, that in the lifetime of said execution, he received from John A. McCoy, a justice of the peace of said county, an execution, dated 21st of January, 1860, in the suit wherein Wm. C. Boilvin and Amos L. Merriman were plaintiffs, and Joseph Herwig and Christian Lammers were defendants, for $274.20 debt, and $7.54¼ costs. That after the receipt of said last mentioned execution, he informed Lammers that he had the sum of $86 ready to be paid to said Lammers on the first execution, but that he (said Campbell) had in his hands the other execution, and would levy upon the money to satisfy it. That Lammers then claimed the money as his own property, whereupon affiant levied upon the same, to satisfy the last execution.

Campbell closes his answer by praying, "that if it should be the opinion of the court, now here, that this affiant had no right to so apply the said money, because the same was in the hands of the law, in process of collection," he now have leave to so apply it.

The executions and returns of said Campbell, thereon, were all the evidence in the case.

The return upon the execution of Hasbrook, for use of Lammers against Howe, is as follows: "By virtue of the within execution, I have levied upon the following property of Norman Howe, (here enumerating it,) December 12th, 1859. G. W. CAMPBELL, Constable."

"I have sold the above described property, by virtue of the above levy, and have applied so much of the money arising from said sale as is due upon the within writ, being the sum of eighty-six dollars, upon an execution in my hands, issued by John A. McCoy, in favor of William C. Boilvin and Amos L. Merriman, against Joseph Herwig and the within named Christian Lammers, this 21st day of January, 1860. G. W. CAMPBELL, Constable."

The return upon the execution of Boilvin and Merriman against Lammers, is as follows: "By virtue of this execution, I have levied on eighty-four dollars, the property of Christian Lammers, this 21st day of January, 1860. G. W. CAMPBELL, Constable."

The court, POWELL, Judge, presiding, rendered judgment for Hasbrook, for the use of Lammers, against Campbell, for $103.20, and costs, to which defendant excepted.

The errors assigned, are, that the Circuit Court erred in rendering judgment against the said George W. Campbell. That the Circuit Court erred in rendering judgment for twenty per cent. damage against the said G. W. Campbell. That the said Circuit Court erred in taking judgment of said motion.

MANNING & MERRIMAN, for Plaintiff in Error.

C. C. BONNEY, for Defendant in Error.

BREESE, J. By section 54 of the statute relating to justices of the peace and constables (Scates' Comp. 706), it is provided, that all executions issued by a justice of the peace shall be directed to any constable of the proper county, and made returnable to the justice issuing the same within seventy days from the date. By section 82, on the return of all executions, the constable shall pay over to the justice of the peace who issued the same, all money not previously paid over to the plaintiff.

The penalty for neglect is found in section 116. The proceeding is summary before a justice of the peace on five days' notice, by motion. In this proceeding, the amount neglected to be paid over is recovered, with twenty per cent. damages thereon for the detention.

Section eighty-two evidently implies that the constable may pay the money going to the plaintiff directly to him, before he makes return of the execution to the justice of the peace. This is his privilege. The plaintiff can intercept the money on its way to the justice of the peace. The constable must do one of two things, either bring the money to the justice on the return of the writ, or the plaintiff's receipt for the money as having been paid over to him. Nothing less will excuse him. He is to be governed by the law, and he is told by the law, very distinctly, when he has collected the money, he must, if he has not paid it over to the plaintiff, pay it over to the justice of the peace. He has no right to determine that he will do neither, but will appropriate it to pay a debt he may suppose the plaintiff owes John Doe, in whose favor he holds an execution against the plaintiff, and so he will pay it to John Doe.

We know of no principle justifying this. The money collected may be subject to the legal or equitable claims of other parties, which the officer cannot cut out, by any act of his own. It is not, in legal contemplation or intendment, the money of the plaintiff in the execution, until it is actually paid over to

him. The party from whom it was collected, might enjoin it in his hands. It cannot be permitted that a constable or other like officer, shall have authority to exercise an equitable jurisdiction over money collected by him, and appropriate it according to his notions of right and justice. In this case, the legal title to the money was in the plaintiff, Hasbrook, Lammers being merely the *cestui que use.* The constable, by appropriating it to pay Lammers' debt, virtually converts this equitable into a legal right, which he had no power to do.

The case of *Reddick* v. *Smith,* 3 Scam. 452, in principle, decides this case. It is there said distinctly, the money while in the officer's hands, is regarded as in the custody of the law. It does not become the property of the judgment creditor until it is paid over to him, and consequently cannot be levied on or attached as his. This settles the question.

The case of *Turner* v. *Fendall,* 1 Cranch, 117, is to the same effect.

We are clearly of opinion that the constable's return contains no apology or excuse for the non-payment of the money according to the exigency of the writ, and we see nothing in the case to protect him against the motion to amerce, in pursuanse of section one hundred and sixteen.

*Judgment affirmed.*