LYDIA HARDY, administratrix of Warren Hardy, *vs.* JOSIAH TILTON.

Somerset.   Decided May 8, 1878.

*Execution.   Attachment.   Sheriff.*

Money collected by an officer on legal process, while it remains in his hands, is to be regarded as *in custodia legis* and not the subject of levy or attachment in any form.   *Thus*, an officer, who has collected money on an execution, cannot apply it in satisfaction of another execution, although the latter is against the party for whom the money was collected, and both executions are in the officer's hands for collection at the same time.

ON EXCEPTIONS.

CASE against the sheriff for the misfeasance of his deputy, Jeremiah J. Walker, in not paying over money collected on an execution.

The defendant pleaded the general issue, with a brief statement that his deputy, Walker, paid over to the plaintiff the money collected on the execution with the exception of $39.63, which said money, then in his hands as deputy sheriff, he, in his said capacity, had taken as the property of the estate of the said Warren Hardy, deceased, on an execution then in his hands for collection, in favor of Micah W. Norton, and against the plaintiff, to satisfy said execution and his fees thereon ; and that Walker applied the $39.63 to the satisfaction of said execution, and his fees, and returned the execution fully satisfied.   The parties introduced documentary evidence in support of their respective allegations ; upon which the presiding justice ruled that the defense was not made out ; and the defendant alleged exceptions.

*A. H. Ware,* for the defendant.

*S. J. & L. L. Walton,* for the plaintiff.

WALTON, J.   The question is whether an officer, who has collected money on an execution, can apply it in satisfaction of another execution against the person for whom it was collected, both executions being in his hands for collection at the same time.

We think not.   The attempt has often been made to attach or levy upon money thus situated ; but it has uniformly been held

that money, while in the hands of an officer, who has collected it under legal process, is *in custodia legis*, and not the subject of attachment or levy.

The leading case in this country was decided by the supreme court of the United States, as long ago as 1801. A sheriff having collected money on an execution, levied thereon an execution which he held against the person for whom the money was collected. The court held that the levy could not legally be made. *Turner* v. *Fendall*, 1 Cranch. 117.

Many similar decisions have been made by the state courts. *Willes* v. *Pitkin*, 1 Root, (Conn.) 47. *Prentiss* v. *Bliss*, 4 Vermont, 513. *First* v. *Miller*, 4 Bibb, (Kentucky) 311. *Dubois* v. *Dubois*, 6 Cow. 494. *Reddick* v. *Smith*, 4 Illinois, 451. *Dawson* v. *Holbrook*, 1 Ohio, 135. *Crane* v. *Freese*, 1 Harrison, (N. J.) 305. *Conant* v. *Bicknell*, 1 D. Chipman, (Vt.) 50. *Farmers' Bank* v. *Beaston*, 7 Gill & Johnson, (Md.) 421. *Jones* v. *Jones*, 1 Bland, (Md.) 443. *Blair* v. *Cantey*, 2 Speers, (S. C.) 34. *Burrell* v. *Letson*, 1 Strob. (S. C.) 239. *Clymer* v. *Willis*, 3 Cal. 363. *Reno* v. *Wilson*, Hemp. (Ark.) 91. *Dawson* v. *Holcomb*, 1 Hammond, (Ohio) 275. *Wilder* v. *Bailey*, 3 Mass. 289. *Thompson* v. *Brown*, 17 Pick. 462.

Some of these cases relate to attempts to attach the money on writs; others to efforts to reach it by trustee process; others, where, as in this case, attempts were made to levy executions upon it; but the same principle runs through them all; namely, that money collected by an officer on legal process, while it remains in his hands, is to be regarded as *in custodia legis*, and not the subject of levy or attachment in any form.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and PETERS, JJ., concurred.