# JAMES S. McINERNEY
## v.
## THE CHICAGO TIMES COMPANY.

*Constables—Sec. 85, Chap. 79, R. S.—Demand.*

1. An officer need not pay over money to parties, or to the justice, before the return day of his writ. He may pay to the plaintiff before he makes return if he sees fit, but this is his privilege, and not his obligation.

2. If the return day of a writ has passed before an action is brought to recover money arising from the sale of property levied on, it can not be maintained without a demand is made upon the constable to pay it over, or it is shown he has misapplied it.

[Opinion filed November 2, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. R. S. TUTHILL, Judge, presiding.

Messrs. KRAFT & BROWN, for appellant.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellee.

MORAN, J. This action was commenced against appellant, a constable, who had sold certain property levied upon by him under certain writs in favor of the appellee, but had not paid over the money on one of the writs at the time this action was brought.

There is some contention on the part of appellant, that the money in controversy should be applied on an execution in favor of another judgment creditor of the defendant in the executions, the lien of which it is claimed is prior to that of one of appellee's executions; upon that contention it is not necessary that we should pass.

The record shows that the special execution on which it is claimed the money sued for in this action was credited and should be applied, was dated and came to the hands of appel-

lant, as constable, on December 3, 1889. This action was commenced on December 28, 1889. By Sec. 85, Chap. 79 R. S., all executions issued by a justice are to be made returnable within seventy days from date.

An officer need not pay over money to parties, or to the justice, before the return day of his writ. He may pay to the plaintiff before he makes return if he sees fit, but this is his privilege and not his obligation. Campbell v. Hasbrook, 24 Ill. 243.

It follows that this action was prematurely brought, and therefore can not be maintained.

If the return day had passed before action was brought it could not be maintained without a demand was made upon the constable to pay it over, or it was shown that he had misapplied it. White v. Miller, 3 Dev. & Batt. 55; Metzenholster et al. v. The State, 37 Ind. 457.

The judgment against appellant must be reversed.

*Judgment reversed.*