Ex Parte J. K. FULLER and PERCY BUCHANAN

En Banc.

Opinion filed May 20, 1930.

*Clark W. Jennings,* for Relators;

*Fred H. Davis,* Attorney General, and *E. S. Bridges,* for Respondent.

TERRELL, C. J.—By virtue of a writ of attachment the sheriff of Orange County, on May 4, 1929, levied on certain personal property of George F. R. Albertson located in an apartment house in Orlando. In making the attachment levy the sheriff did not remove the said personal property from the apartment. Subsequent to the attachment levy petitioner, J. K. Fuller, obtained a judgment and an execution against Albertson in another forum. Fuller and the petitioner, Percy Buchanan, undertook to satisfy the execution by levying on a portion of the personal property previously levied on in the attachment suit, and actually removed the same from its situs. Because of the judgment levy a rule to show cause was issued against Fuller and Buchanan and they were accordingly adjudged to be in contempt. Writ of habeas corpus was then obtained in the Circuit Court and on full hearing the petitioners were remanded to the custody of the sheriff. Writ of error was taken to this judgment.

It is contended here that the attachment levy was void but that if for any reason it may be upheld the judgment levy and removal does not constitute a contempt of court.

The cause comes here on an agreed statement of facts with reference to both the attachment and the judgment levy which is signed by counsel for petitioners and respondent and made a part of the record, the pertinent provisions of which are as follows:

"Deputy Sheriff, J. W. Bass, on May 4, 1929, delivered a copy of the writ of attachment to the defendant, Albertson, notifying Albertson in the presence of the property that he was levying on and taking into his possession all of the personal property which was listed. Forthwith, he notified Albertson's housekeeper at the apartment house that he had made a levy on the personal property listed by him and attached to his return. The said property so listed was, at the time of the purported levy, in the apartment house of defendant Albertson at 627 E. Concord, Orlando. The deputy sheriff did not move the property from the apartment house. He did nothing further than is hereinabove stated, except to make his return. He did not stay in possession of the premises himself, nor did he appoint any agent to take or keep possession for him, nor did he post a sign.

The petitioners knew the above facts, but, nevertheless, on a later date, by virtue of a writ of execution issued out of the court of the Justice of the Peace for the First District of Orange County, levied upon a portion of the goods appearing in the itemized list made by the deputy sheriff, and actually removed them from the apartment house. Because of this act of the petitioners, a rule to show cause why they should not be punished for contempt of court was issued out of the County Court, resulting in an order adjudging the petitioners to be in contempt of court."

It is contended by petitioners that the attachment levy was ineffectual because such a levy of personalty contemplates an actual seizure and taking into custody of the attached property by the officer in order that he may be enabled at all times to assert his control and dominion over

it. It is also contended that the facts as stipulated to do not constitute such a levy.

The general rule seems to be that in order to constitute a sufficient levy of an attachment on personal property, it is ordinarily necessary that the officer shall take the property into his control or custody, actual or constructive, or shall do such an act as would, except for the protection of the writ, subject him to an action for trespass. Parish v. Van Arsdale-Osborne Brokerage Co., 92 Kan. 286, 140 Pac. R. 835, 1916 B. Ann. Cas. note 984 citing many cases, some holding that the officer must take manual possession of the property while an equal number hold that manual possession is not essential. From an extensive examination of the cases we are convinced of this, that the question of dominion over and manual possession is determined by the nature and condition of the property.

The stipulation discloses that the deputy sheriff in the presence of the property delivered a copy of the writ of attachment to Albertson, the owner, notifying him that he was levying on and taking possession of it. He made his return to the writ and left the property in the apartment house where he found it, notifying Albertson's tenant of the levy. He did not remain in actual possession of the property nor did he appoint an agent to represent him but this status was known to petitioners when they made the judgment levy. Under such a statement of facts we think the property was constructively in the hands of the sheriff and that the attachment levy was sufficient.

The attachment levy being good was the judgment levy in contempt of court? The law is well settled that an interference with property in custody of the law amounts to a contempt of court. 6 R. C. L. 501. We think it must follow that when personal property is seized under a writ of attachment and is in the possession or control of

the sheriff it may be said to be *"in custodia legis."* Gilman v. Williams, 7 Wis. 329, 76 Am. Dec. 219; Weaver v. Duncan, 56 So. W. R. 39; McFarland Carriage Co. v. Solanes, 108 Fed. R. 532; Welton v. Jacobson, 7 N. D. 32, 73 N. W. R. 65, 66 A. S. R. 632, where it is held that property lawfully taken by virtue of legal process is in the custody of the law. Some of the authorities hold that as to third parties the status of property in the custody of the law is fixed by the return of the attaching officer and can be changed only by order of the court. McFarland Carriage Company v. Solanes, *supra.* The view that property attached remains in the custody of the law until final judgment is well supported. Coit v. Sistare, 85 Conn. 573, 84 Atl. R. 119; 2 R. C. L. 803. We think, therefore, that the judgment levy was in contempt of court, so the judgment below is affirmed.

Affirmed.

WHITFIELD, ELLIS, STRUM AND BUFORD, J. J., concur.

BROWN, J., dissents.