L. L. HOOKER, *Plaintiff in Error*, vs. J. J. WIGGINS, Sheriff, *Defendant in Error.*

139 So. 803.

Division A.

Opinion filed February 25, 1932.

*B. A. Boles*, for Plaintiff in Error;

*J. M. Couse*, for Defendant in Error.

BUFORD, C.J.—Two suits were instituted in Glades County, Florida, by one C. C. Gantt against one L. L.

Hooker. Upon the trial of these cases, in one Hooker obtained a judgment against Gantt in the sum of $245.40 and in the other suit Gantt obtained a judgment against Hooker in the sum of $579.95. Execution was issued in favor of Hooker and the Sheriff collected the amount of the execution from Gantt. Execution was issued in favor of Gantt and the Sheriff, having the $245.40 collected from Gantt in his possession, returned it to Gantt in part satisfaction of Gantt's execution. Hooker served written notice on the Sheriff, who is defendant in error here, requiring him to pay over the amount collected under his execution and, the Sheriff failing to pay over the said money, Hooker filed motion in the Circuit Court, praying an Order of the Court requiring the Sheriff to pay over the amount collected by him under that execution, together with 20% thereof. The notice and motion were under the provisions of section 2841 R. G. S., 4528 C. G. L.

Order was issued to the Sheriff to show cause why he should not deliver over the money collected under the execution and the Sheriff made his return showing that he had collected the money from Gantt and that he had applied the money collected, less costs, to the execution which he held against Hooker in favor of Gantt and had returned the money to Gantt. Hooker filed motion to quash the return upon several grounds, as follows:

"1. That the defendant was not authorized by law to return to the said C. C. Gantt the money collected from him for plaintiff.

2. That a judgment is not subject to execution.

3. That money collected on execution and in the hands of the sheriff is not subject to execution.

4. That sheriff's act as shown in his return deprives plaintiff of his constitutional right to claim the money collected on execution for him exempt from levy and sale.

5. That the sheriff cannot set up illegal acts committed by him as a defense to a rule to show cause.

6. That a person's homestead and exemption allowed under Section 1 Article 10 of the Constitution, is not subject to a lien of debts, judgments and executions, except as provided in said Section and Article.''

Hooker also filed schedule of what he alleged to be all his personal property, with the value thereof, which including the sum collected by the Sheriff on the execution, aggregated $845.40, which he claimed exempt to him under the homestead exemptions obtaining in this State. On hearing, the Circuit Judge entered an Order, as follows:

''This cause coming on for hearing upon plaintiff's motion filed herein on the 4th day of October, 1930; the order issued thereon against the defendant returnable on the 10th day of October; the defendant's return or answer herein, and plaintiff's motion to quash defendant's return; the respective parties appearing and being represented by counsel, and the case being presented, the court is of the opinion and finds that defendant's defense set forth in his return filed herein to be a good and legal defense, and hereby denies plaintiff's motion to order defendant J. J. Wiggins, Sheriff of Glades County, Florida, to pay over to plaintiff, or to plaintiff's attorney, the sum of $245.40, shown to have been collected by said Sheriff September 23, 1930, by virtue of the execution in favor of plaintiff L. L. Hooker and against defendant C. C. Gantt, F. B. Mills and M. F. George, and denies plaintiff's motion to quash the return of the defendant.

DONE AND ORDERED at Fort Myers, Florida, this the 10th day of October, A. D. 1930.''

and, thereupon, entered final judgment in favor of the Sheriff.

The only question necessary for us to determine in this suit is whether or not money coming into the hands of the Sheriff under an execution held by the Sheriff for levy is subject to being applied on an execution held by the Sheriff against that execution creditor under whose execution the Sheriff received such sum of money, or is money coming into the hands of the Sheriff under execu-

tion money or property in custody of the court while the same remains in his hands and not subject to be levied on under execution against the first execution creditor?

First, we may say that the procedure adopted here was warranted and proper under the provisions of our statute hereinbefore referred to.

In Ex Parte Fuller and Buchanan, 99 Fla. 1165, 128 Sou. 483, this Court held in effect that property lawfully taken by virtue of legal process is in the custody of the law and that an interference with such property amounts to a contempt of court.

The law appears to be well settled that money realized by an officer by virtue of an execution, or money paid into the court, cannot be levied upon as the property of the judgment creditor because it is regarded as in *custodia legis*, and it is also well settled that money collected under an execution and in the hands of the officer and during the life of the execution, and before the return thereof, cannot be applied by such officer in satisfaction of other writs in his hands against the plaintiff in the execution. This has been the holding in Zucher vs. Magee, 2 Ala. 253; Clymer vs. Willis, 3 Cal. 363, 58 Am. Dec. 414; Campbell v. Hasbrook, 24 Ill. 243; Hardy vs. Tilton, 68 Me. 195, 28 Am. R. 34; Davis vs. Seymour, 16 Minn, 210; State vs. Boothe, 68 Mo. 546; Crane vs. Greese, 16 N. J. Law, 305; Baker vs. Kenworthy, 41 N. Y. 215.

To like effect is the holding of the high Appellate Courts in Connecticut, Indiana, Kansas, Kentucky, Maryland, Massachusetts, North Carolina, Pennsylvania, South Carolina, Vermont and Wisconsin. There are a few States, notably Ohio, Tennessee, Texas and Virginia, in which a contrary rule appears to be adhered to, but the reason for the rule as stated in the above cited cases and as enunciated here, appears to be by far the better

and is in line with the enunciation by this Court in Ex Parte Fuller and Buchanan, supra.

For the reasons stated, the judgment must be reversed, with directions that the Court enter an order quashing the return of the Sheriff. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.