295 So.2d 667 (1974)
Benjamin F. CHAPMAN, Petitioner,
v.
William Lamar ROSE, Circuit Judge, and E.A. Hendry, Sheriff of Collier County, Respondents.
No. 74-345.
District Court of Appeal of Florida, Second District.
June 12, 1974.
*668 Charles R. Holley, Naples, for petitioner.
George Vega, Jr., of Carroll, Vega, Brown & Nichols, Naples, for respondents.
GRIMES, Judge.
This matter comes before us on an original petition for mandamus and suggestion for writ of prohibition.
Petitioner (Chapman) obtained a judgment for $12,887.52 against Collier County Publishing Co. (Collier). On March 11, 1974, Collier's motions for new trial and for remittitur came on for hearing and were denied. At the hearing, Collier's counsel advised the court and Chapman's counsel of his intention to appeal. The amount of supersedeas bond was stipulated and set by the court in the amount of $14,000.00. No notice of appeal or supersedeas bond having been filed by March 13, 1974, Chapman's attorney caused a writ of execution to be issued by the clerk of the court. The writ was served by the sheriff on the afternoon of March 14, 1974, and the effect of the execution was to shut down the printing of Collier's daily newspaper. At some point during the afternoon, Collier requested and was permitted by Chapman's attorney to pay the sheriff the amount of the judgment in order to stop the levy.
On the same afternoon, Collier's counsel learned of the execution and levy and obtained an ex parte order staying the execution. The record before us does not conclusively reflect whether the stay order was actually entered before or after Collier had paid the sheriff to halt the levy. Upon learning that payment had been made to the sheriff by his client, Collier's counsel also obtained the same afternoon an ex parte order directing the sheriff not to distribute any of the funds in his possession until further order of the court. The following morning Collier filed its notice of appeal together with the requisite supersedeas bond. Chapman filed a motion to vacate the stay order but the court declined to entertain the motion, being of the view that jurisdiction had been lost by reason of the appeal.
Chapman contends that the court had no jurisdiction to enter the orders because the sheriff had already completed his execution. Citing Hooker v. Wiggins, 1932, 104 Fla. 355, 139 So. 803, and United States v. Harris and Company Advertising, Inc., Fla.App.3d, 1963, 149 So.2d 384, *669 Chapman says that once the money was collected by the sheriff, it became his as the judgment creditor.
We might agree were it not for the fact that Collier's counsel had specifically announced his intention to file an appeal at the hearing held on March 11, and the amount of the supersedeas bond was agreed upon between the parties and set by the court. At that time, absent a showing that the judgment might never be collectible if execution was not immediately commenced, Collier would certainly have been entitled to a temporary stay of execution under Rule 1.550(b), FRCP, 31 F.S.A. The better practice would have been to obtain a written stay order. Yet, under the peculiar facts of this case, it is reasonably arguable that there was implicit in the discussion concerning the appeal the understanding that Collier's attorney would have a reasonable time within which to file the appeal and to put up the supersedeas bond. It goes without saying that a supersedeas bond cannot instantly be obtained, and no one has suggested that four days was an unreasonable length of time within which to accomplish these matters.
Prohibition is a prerogative writ issued in the court's discretion for the purpose of restraining an inferior tribunal from acting without or in excess of the jurisdiction conferred upon it by law. Pitts v. McCrary, Fla.App.1st, 1971, 251 So.2d 694. It has been said that prohibition should be granted only in cases of great urgency, special emergency or absolute necessity. State v. Grayson, Fla. 1955, 80 So.2d 679. Prohibition should not become a vehicle for the determination of questions involving correct or incorrect decisions of another court in matters in which that court has jurisdiction to act. State v. White, Fla.App.2d, 1964, 162 So.2d 697.
We hold that even if the sheriff had already collected the money, the court had the power to enter the orders in question. The exigencies of time warranted their entry on an ex parte basis. These orders did nothing more than preserve the status quo pending an adversary hearing on the merits of the issue. Insofar as the sheriff is concerned, he certainly cannot be faulted for obeying the court orders.
The petition for writ of mandamus and suggestion for writ of prohibition are hereby denied with leave to proceed in the circuit court on the motion to vacate. This will permit the trial judge to determine whether the sheriff should pay the money to Chapman in satisfaction of the judgment or return it to Collier in view of the fact that a supersedeas bond has now been filed.
Petition for mandamus and suggestion for writ of prohibition denied.
MANN, C.J., and BOARDMAN, J., concur.