QUESTION: How should a sheriff dispose of property at an execution sale, once he determines that no one is going to bid on the property offered?
SUMMARY: Property upon which execution has been levied can be disposed of only in accordance with statute or pursuant to a lawful court order. While the property could be released to the judgment debtor upon substitution of property of equal value, pursuant to s. 56.12, F.S., such a disposition is unlikely where the property held has substantial value. The alternative is to seek a court order directing disposition. Although there is a paucity of decisions in this area, it would appear that the sheriff or any party to the execution could seek such an order. The impetus is more on the parties than the sheriff, however, since the sheriff can charge the judgment creditor for all costs of safekeeping the property. There are three ways in which an executing officer is authorized by statute to dispose of the property upon which a writ of execution has been levied: Upon the presentation of a forthcoming bond by either the judgment debtor or a third party claiming to be the true owner of the property, pursuant to ss. 56.12 and 56.16, F.S.; by substitution of property of equal value by the judgment debtor pursuant to s. 56.11, F.S.; and by execution sale and delivery of a deed or bill of sale to the purchaser, pursuant to s. 56.25, F.S. In the situation which you pose, there is no third party claiming the property. Hence, s. 56.16, supra, is inapplicable. Further, you state that a sale has been attempted but not made for lack of bids. This renders inapplicable both ss. 56.25 and 56.12, supra, the latter because a forthcoming bond executed by the judgment debtor releases property only until the date of the sale. Section 56.11, supra, provides that the defendant in execution may at any time effect a release of the property to himself by surrendering other property of value equivalent, in the opinion of the officer levying the execution, to that released. The fact that no bid was made at the attempted execution sale may indicate to the sheriff that the property has little value. Hence, he may permit the judgment debtor to substitute a small amount of cash for the unsold property. On the other hand, when the reason for no bids is the existence of unsatisfied encumbrances upon the property, which your letter indicates to be the usual case, this method of release is likely to be unattractive to the judgment debtor since property of substantial value would have to be used for substitution. Moreover, substitution can be risky for the sheriff as an underestimation of the value of the property released may render the sheriff liable for the difference between the value of the property released and that accepted by him as a substitute. Cf. Chapman v. Reddick, 25 So. 673 (Fla. 1899); see also 138 A.L.R. 710. All things considered, it is
doubtful that this statutory method of disposition will be desirable in many instances. The only other way to dispose of property upon which levy of execution has been made is by way of court order. Property lawfully taken under execution is in custodia legis. Hooker v. Wiggins, 139 So. 803 (Fla. 1937). Property once placed in custodia legis will remain there by operation of law until action is taken by proper order of the court. Adams v. Burns, 172 So. 75 (Fla. 1937). Lack of Florida cases in this area leaves uncertain the specific avenues of procedure to be used when seeking a court order for the disposition of property in custodia legis. There is no apparent reason why a sheriff could not file a motion with the court for directions, but there is no need for him to do so. Under s.30.231(1)(d), the sheriff can charge a plaintiff in execution a fee covering all costs of safekeeping the property upon which the levy of execution has been made. This provision relieves the sheriff of the financial burden which accompanies the holding of such property and places the onus on the plaintiff in execution to seek judicial direction. Placing the responsibility on the plaintiff in execution is most appropriate since he otherwise possesses the greatest control over the execution process. On the other hand, the defendant in execution may desire to seek an order releasing the property to him since he is still the legal owner. In any case, the sheriff should retain possession of the property until directed by a court order to do otherwise.