ON MOTION TO REVIEW STAY ORDER
SMITH, Judge.
The trial court entered a money judgment for appellee but granted appellants’ motion pursuant to Rule 1.550(b), R.C.P., to stay execution “for good cause” during the appeal. The court recited that the central issue is without controlling Florida precedent, that the issue “is of sufficient importance that it should be finally determined by the Appellate Court” and consequently that there is good cause to stay execution pending the appeal. The trial court enjoined appellants from disposing of their property. The main appeal to this court is pending at an early stage.
The appellee judgment creditor seeks review of the trial court’s stay order under Rule 5.10, F.A.R. We believe appellee’s *889 position is correct. It is true that Rule 1.550(b), R.C.P., may be utilized to protect a judgment debtor briefly while he perfects his appeal and obtains supersedeas. Chapman v. Rose, 295 So.2d 667 (Fla.App. 2d, 1974). But Rule 5.2, F.A.R., provides for supersedeas of a judgment for the recovery of money not secured only by filing a super-sedeas bond conditioned as required by Rule 5.7. Even in a case such as this, in which the trial court obviously considered the central issue fairly debatable, the Rules of Civil Procedure should not be given effect to nullify the benefits to appellee of a su-persedeas bond required by the Florida Appellate Rules. Jenkins Trucking, Inc. v. Emmons, 207 So.2d 280 (Fla.App. 3d, 1968), cert. den., 210 So.2d 867 (Fla.1968).
The order staying execution is vacated.
BOYER, C. J., and MILLS, J., concur.