Harry L. Coe, Jr. Executive Director Department of Revenue Tallahassee
QUESTION:
What is to be the disposition by the tax collector of personal property which has been properly levied upon by the tax collector and held for public sale as provided for in s. 197.106, F. S., but at which sale the tax collector has received either no bids or token bids?
SUMMARY:
When a county tax collector has properly levied upon and seized tangible personal property and held the same for public sale, but at which sale the tax collector received no bid or only a token bid, and has determined that a successful bid would not be obtained if such property were advertised again and offered for sale at a later date, the tax collector then should petition the circuit court for an order directing disposition of the property. There is no statutory authority for the tax collector, under these circumstances, to bid a fair market value for the property, which then would become the property of the county.
The tax collectors of this state are constitutional officers who have only such powers and duties as are granted to or imposed upon them by law. See s. 1(d), Art. VIII, State Const. They have no common-law powers. See AGO 078-135. Chapter 197, F. S., in general, defines the statutory powers, responsibilities, and duties granted to or imposed upon tax collectors of this state in regard to the collection of ad valorem taxes on real and tangible personal property.
Insofar as pertinent to your question, Ch. 197, F. S., provides that it is the duty of the tax collector, and he is vested with the power, to collect `by seizure and sale of personal property, all taxes assessed on the roll and which are not paid prior to April 1 of the year following the year in which the taxes are assessed,' s. 197.012; the tax collector is to make all collections of tangible personal property taxes on or before April 1 following the year in which the taxes were assessed, see s. 197.016(1); within 45 days after the taxes become delinquent, the tax collector is required to advertise a list of the names of delinquent personal property taxpayers and the amount of tax due by each, including in such advertisement a notice that, unless the delinquent taxes are paid, warrants will be levied thereon, and the collector will apply to the circuit court for an order directing levy upon, and seizure of, the personal property of the taxpayer for the unpaid taxes, see s. 197.062(2). After preparation of warrants against delinquent taxpayers providing for the levy upon, and seizure of, tangible personal property, s. 197.086(1), the collector is to petition the circuit court within 30 days from the date such warrants are prepared for an order ratifying and confirming the issuance of tax warrants and directing the tax collector, or his deputy, to levy upon and seize the tangible personal property of each delinquent taxpayer so as to satisfy the unpaid taxes set forth in the petition. See s. 197.086(1). Such tax warrants issued by the tax collector for the collection of delinquent tangible personal property taxes shall, after the court has issued its order ratifying and confirming the issuance of such warrants, have the same force and effect as a writ of garnishment when levied by the tax collector upon any person or entity having any goods, moneys, chattels, or effects of the delinquent taxpayer in his possession or control or who is indebted to such delinquent taxpayer. See s. 197.082(2). Further, the tax collector is required to keep a tangible personal property tax warrant register which encompasses a record of all warrants and levies made pursuant to Ch. 197, as well as the date of payment, the amount of money, if any, received, and the disposition of the warrant made by the tax collector. See s. 197.096.
Once the tax warrant is properly issued and ratified and confirmed by the court, and, pursuant to such court order and tax warrant, the tangible personal property of the taxpayer has actually been levied upon and seized to satisfy the unpaid taxes, s. 197.106, F. S., prescribes the procedure for the sale of the personal property after seizure. Such statute provides:
 (1) When personal property is levied upon for any delinquent taxes as provided for in s. 197.086, the tax collector shall give public notice by advertisement of the time and place of sale of the property to be sold at least 15 days before the sale. The notice shall be posted in at least three public places in the county, one of which shall be at the courthouse, and the property shall be sold at public auction at the courthouse door. The property sold shall be present if practical, but at any time before the sale the owner or claimant of the property may release it by the payment of the taxes plus delinquency charges, interest, and costs for which it was liable to be sold. In all cases, immediate payment for the property shall be required. In case any sale is made as aforesaid, the tax collector shall be entitled to the same fees and charges as are allowed sheriffs upon execution sales.
 (2) If the property levied upon is sold for more than the amount of taxes, delinquent charges, interest, costs, and collection fees, the surplus shall be returned to the person in whose possession the property was when the levy was made or to the owner of the property.
 (3) If the property levied upon cannot be located in the county or is sold for less than the amount of taxes, delinquent charges, interest, costs, and collection fees, the deficit shall be a general lien against all other personal property of the taxpayer situated in the county. The other property may be seized and sold in the same manner as like property on which there is a specific lien for delinquent taxes.
The specific situation to which your opinion request is directed involves a situation in which a sale of tangible personal property after seizure is conducted pursuant to s. 197.106, F. S., but either no bids or `token bids' have been received. In the Department of Revenue's Rule 12D-12.18, F.A.C., entitled `Sale of Personal Property After Seizure,' it is provided in pertinent part:
 When the property seized is comprised of multiple items, then the tax collector shall sell each item of property separately except in those cases where the items if separated would reduce the sale price of the whole or where the items of property would be damaged or otherwise not bring the highest possible price. If it appears to the tax collector that only token bids are being offered or if there are no bids then he shall terminate the sale and readvertise and sell the property at a later date.
While the term `token bids' is not defined in the rule, the common meaning associated with such term would imply a nominal bid, or bid so small in amount as to be wholly out of conformity with the value of the property being bid upon, which bid merely satisfies the requirement that a bid in fact be made. See Webster's NewTwentieth Century Dictionary, 2d Edition.
The Department of Revenue, pursuant to s. 195.002, F. S., is given certain supervisory authority over the assessment and collection of ad valorem taxes. Pursuant to such powers, it promulgated Rule 12D-12.18, and such regulation is presumptively valid and prima facie justified unless shown to require a conclusion to the contrary, which are matters for determination by the courts. Florida Citrus Commission v. Golden Gift, 91 So.2d 657 (Fla. 1956); generally see 73 C.J.S. Public Administrative Bodies andProcedure s. 104. Such regulation expressly directs that, when no bid or a token bid has been received, the tax collector `shall terminate the sale and readvertise and sell the property at a later date' with such readvertisement and sale again being pursuant to s. 197.106, F. S.
The question then arises as to the continuing nature of the tax collector's duties to readvertise and sell such seized tangible personal property if a continuing pattern of no bids or token bids at such sales occurs. In this respect it must be noted that s. 197.101, F. S., provides:
 It shall be the duty of the tax collector issuing a tax warrant for the collection of delinquent tangible personal property taxes to continue from time to time his efforts to collect them for a period of 7 years from the date of the issuance of the warrant. After the expiration of 7 years, the warrant shall be barred by this statute of limitation and no action may be maintained in any court. No tax collector shall be relieved of accountability for collection of any taxes assessed on tangible personal property until he has completely performed every duty devolving upon him as required by law.
Cf. s. 197.056(1), F. S., providing that all taxes shall be first liens on any property against which the taxes have been assessed until discharged by payment or until barred by Ch. 95, F. S., and s. 95.091, providing that any tax lien granted by law shall expire 5 years after the date the tax is assessed and barring any action thereon after the expiration of the lien securing payment of the tax.
Relative to the requirement of Rule 12D-12.18 that `token bids' be rejected and property be readvertised and sold at a later date, it is to be noted that such rule authorizes the tax collector to advertise the personal property `in trade journals and newspapers when it is believed that said advertisements are necessary to attract necessary bidders.' Consequently, it would appear that, with appropriate advertisement, property with values substantially above the `token bids' received at a sale pursuant to s. 197.106, F. S., can, in some instances at least, be successfully resold at a later and properly advertised sale.
Seized property which produced no bid at a s. 197.106, F. S., sale, but which has substantial value in a like manner as the above-mentioned property which produced only a token bid, should in many instances, with appropriate advertising, likewise result in a successful sale.
The true problem arises with seized property which has produced no bid pursuant to a s. 197.106, F. S., sale and which is of such nature or value that it is unlikely that it will ever produce an adequate and successful bid at any future sale. In such case, the question arises whether the tax collector must store such property and continue to readvertise and attempt to resell the property for the entire 7-year period referenced in s. 197.101, F. S. (or the 5-year limitation period provided for in s. 95.091, F. S.). In this regard s. 197.106(2) and (3) gives no guidance for they presume a situation in which a satisfactory and successful bid has been made. Further, I can find no direct authority in the entirety of Ch. 197, F. S., which governs the situation in which tangible personal property is seized pursuant to a delinquent ad valorem personal property tax warrant and sought to be sold pursuant to s. 197.106 but upon which no bid is made.
In AGO 074-323, this office was presented with a substantially similar question involving the manner in which a sheriff should dispose of property at an execution sale once such sheriff determines that no one is going to bid on the property offered. In such opinion, this office noted that the statutory procedure must be followed for disposing of such property, but, if there exists no direct statutory authority, then:
 The only other way to dispose of property upon which levy of execution has been made is by way of court order. Property lawfully taken under execution is in custodia legis. Hooker v. Wiggins, 139 So. 803 (Fla. 1937). Property once placed in custodia legis will remain there by operation of law until action is taken by proper order of the court. Adams v. Burns, 172 So. 75 (Fla. 1937).
 Lack of Florida cases in this area leaves uncertain the specific avenues of procedure to be used when seeking a court order for the disposition of property in custodia legis. There is no apparent reason why a sheriff could not file a motion with the court for directions . . . .
In the instant matter, when the tax collector determines that property seized pursuant to a delinquent ad valorem personal property tax warrant has not, and will not, produce a successful bid at a sale pursuant to s. 197.106, F. S., the absence of any statutory direction in such situation leaves as the only available avenue of recourse a petition or motion directed to the circuit court for directions regarding the disposition of such tangible personal property. In this regard, please note that, pursuant to s. 197.086(1), F. S., the circuit court retains continuing jurisdiction over the matter raised in the tax collector's petition pursuant to which the tangible personal property tax warrants are issued and such tangible personal property is seized.
Accompanying your letter requesting this opinion was a letter from the Broward County attorney's office which states:
 A more feasible interpretation of the continuing obligation of the tax collector to collect personal property taxes under Florida Statute Section 197.11, would be that the receipt of no bids or token bids at such public sale would raise the presumption that the tax collector bid the fair market value of said property at the sale. This fair market value price would then be deducted from the taxes owing and the property would then become that of the county.
Irrespective of the merits of such suggestion, there is an absence of any statutory authority whatsoever to raise such a presumption and, applying the basic principle that the tax collector has only such powers, duties, and responsibilities as are provided by law,see AGO's 078-77 and 078-135, this office is powerless to justify the suggested avenue of relief in the absence of express or necessarily implied statutory authority.
In conclusion, therefore, I am of the opinion that, when the tax collector has properly levied upon and seized tangible personal property and held the same for public sale as provided in s. 197.106, F. S., but at which sale the tax collector has received either no bids or token bids and has determined a successful bid would not be forthcoming if such property were readvertised and offered for sale at a later date, then the tax collector should petition the circuit court for directions regarding the disposition of such property.
Prepared by:
Harold F. X. Purnell Assistant Attorney General