PER CURIAM.
Appellant argues that the trial court erroneously denied its motion to dissolve a writ of garnishment. We agree with appellant.
Final judgment awarding appellee Live Supply, Inc. a total recovery of $34,929.35 against appellant was filed on December 20, 1979. On December 26th, Live Supply filed a motion for writ of garnishment; the trial court issued the writ on that date, naming Flagler National Bank of the Palm Beaches as garnishee. After being served on December 28th the garnishee in its answer filed on January 8, 1980, stated that it had accounts of appellant on deposit totalling $3,330.01. On January 11th, Live Supply filed its acceptance of garnishee’s answer and moved for judgment. Appellant, on February 6, then filed a motion to dissolve the writ of garnishment. On February 26th the court denied appellant’s motion to dissolve and entered final judgment against garnishee ordering that Live Supply recover $3,329.92[1] from the garnishee.
A writ of garnishment is one form of final process to enforce a judgment solely for the payment of money. See Fla.R.Civ.P. 1.570(a). Florida Rule of Civil Procedure 1.550, entitled Executions and Final Process, provides, inter alia: “(a) ... No execution or other final process shall issue ... within the time for serving a motion for new trial or rehearing....” (Emphasis added). And Florida Rule of Civil Procedure 1.530(b) states: “Time for motion. A motion for new trial or for rehearing shall be served not later than 10 days after the rendition in a jury action or the entry of judgment in a nonjury action.”
Sub judice the trial court issued the writ of garnishment on December 26th, only six days after the entry of the final judgment on which it was based. The time for serving a motion for new trial or rehearing had not expired; therefore, the writ was issued prematurely. Accordingly, the order is reversed and the cause remanded for action consistent herewith.
REVERSED and REMANDED.
BERANEK, HERSEY and GLICK-STEIN, JJ., concur.

. The record is silent regarding why the trial court did not order recovery of the entire amount on deposit of $3,330.01, as stated in garnishee’s answer. For obvious reasons the parties have not raised on appeal the nine cents discrepancy.