ANSTEAD, Chief Judge,
dissenting:
I would grant the petition for rehearing on the basis that this case is distinguishable from our decision in C & S Plumbing, Inc. v. Live Supply, Inc., 397 So.2d 998 (Fla. 4th DCA 1981). The C & S Plumbing opinion does not state whether the judgment under consideration therein was stipulated, whereas it is undisputed herein that the judgment permitting execution forthwith was stipulated to by all parties.
Florida Rule of Civil Procedure 1.550 provides that no final process on a judgment may issue before the time for moving for a rehearing has expired unless by special order of the court. In view of the stipulated nature of the judgment entered below, the judgment provided that execution should enter “forthwith” instead of being delayed to allow for the filing of a motion for new trial. This word satisfies the intent of rule 1.550 and shows the court’s intent to permit immediate execution. The requirement for a special order of the court should not be interpreted to require another, separate order in light of the stipulation for judgment and the clear evidence of the parties’ and the court’s intent to allow immediate execution. The result in this case gives the garnishee the power to claim that a stipulated judgment is not final even though the judgment debtor could not make such a claim. Harold’s Trucking v. Kelsey, 584 P.2d 1128 (Alaska 1978). In addition, it is apparent that no motion for new trial was ever filed and the time for filing same has long since expired.
Accordingly, I would grant the petition for rehearing, distinguish this case from C & S Plumbing on the basis of the stipulation for judgment present herein, and affirm the decision of the trial court.