WELLS, Judge.
Charter Schools USA, Inc., The Downtown Charter School, Inc., Charter Schools USA at Downtown Miami, L.C. (collectively Charter Schools) appeal from an order denying their motion to dissolve writs of garnishment and to enforce supersedeas bond. We find no error in the order on appeal and affirm.
This action was commenced on behalf of a minor child who claimed to have been sexually abused by another student while attending a Charter School. In April of 2014, a jury awarded $5,250,000 to the child and on April 23 a final judgment was entered in the child’s favor. The judgment was recorded in the public records of Miami-Dade County, Florida on April 25.
On April 30, 2014, Charter Schools filed a timely Florida Rule of Civil Procedure I.530 motion for judgment notwithstanding verdict or in the alternative for a new trial or, remittitur. These motions were heard and denied on June 9 with the trial court signing an order that day. The following day, the minor child filed motions for issuance of writs of garnishment and writs of garnishment were issued on June 10 and II.[1]
On June 13, four days after the order denying Charter Schools’ post-judgment motions was signed, the order was docketed by the Clerk of the Circuit Court. That same day, Charter Schools filed a notice of appeal from the final judgment and posted a supersedeas bond. Upon learning that its bank accounts had been garnished, Charter Schools filed an emergency motion to dissolve the writs of garnishment and to enforce the supersedeas bond which it had posted. That motion was denied.
Charter Schools appeals from the order denying its motion to dissolve the writs and to enforce its supersedeas bond, claiming that it “would be inequitable, and create chaos in Florida’s legal system” to allow a party to execute on a judgment before a signed copy of it is docketed by the clerk of the court — that is, before it is “rendered.” Because nothing in the rules of procedure or the law expressly precludes execution on a judgment before “rendition” and because the instant litigants could have sought a short stay until the order at issue was rendered but failed to do so, we disagree with the school’s position.
*659 Florida Rule of Civil Procedure 1.550 expressly provides that a judgment is subject to execution at any time during its life. Only two exceptions to this general rule are recognized. First, a party may not execute on a judgment until it has been recorded in the public records. Second, a party may not execute on a judgment within the time accorded by Rule 1.530 for serving motions for new trial or rehearing, and if timely served until such motion has been “determined”:
Rule 1.550. Executions and Final Process
(a) Issuance. Executions on judgments shall issue during the life of the judgment on the oral request of the party entitled to it or the party’s attorney without praecipe. No execution or other final process shall issue until the judgment on which it is based has been recorded nor within the time for serving a motion for new trial or rehearing, and if a motion for new trial or rehearing is timely served, until it is determined; provided execution or other final process may be issued on special order of the court at any time after judgment.
As this rule clearly states, execution is stayed pending a timely motion for new trial/rehearing but only until that motion is determined. And while the term “determined” as used in this rule is not defined in the rules of procedure, either civil or appellate, it is equally clear that the rule does not provide that execution is stayed until an order on such motions has been “rendered,” as defined in Florida Rule of Appellate Procedure 9.020(i). See Fla. R. App. 9.020(i) (providing that an order is rendered when filed with the clerk of the lower tribunal).[2]
There is, of course, nothing inequitable or unfair about this. Neither of these rules preclude the filing of a supersedeas bond after an order is signed but before it has been filed with the lower court clerk (rendered). Indeed, Rule 9.310 governing stays pending appellate review imposes no such prohibition:
Rule 9.310. Stay Pending Review
(a) Application. Except as provided by general law and in subdivision (b) of this rule, a party seeking to stay a final or non-final order pending re- ■ view shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.
(b)Exceptions.
(1) Money Judgments. If the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, without the necessity of a motion or order, by post *660 ing a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest....
While it is, true that motions for new trial/rehearing are deemed abandoned when a notice of appeal is filed either before such motions are asserted or before an order thereon is filed with the lower court clerk (that is, rendered), nothing in the rules precludes a party from moving, either orally or in writing, in the court below for a stay of execution for a short time so that an order denying a motion for new trial/rehearing may be “rendered.” See Campbell v. Jones, 648 So.2d 208, 209 n. 1 (Fla. 3d DCA 1994) (“We note that Fla. R. Civ. P. 1.550(b) has been described as a vehicle for protecting a judgment debtor ‘briefly while he perfects his appeal and obtains supersedeas. ’ Barnett v. Barnett Bank of Jacksonville, N.A., 338 So.2d 888, 889 (Fla. 1st DCA 1976) (emphasis added). See also Chapman v. Rose, 295 So.2d 667 (Fla. 2d DCA 1974) (temporary stay of execution on money judgment would have been appropriate under Fla. R. Civ. P. 1.550(b) for four days while appeal filed and supersedeas obtained).”).[3] That was not done in this case and for this reason alone we find no basis for reversal.
We also find no basis for holding otherwise in the 1967 Authors’ Comments to Rule 1.550 which states “[i]n connection with this rule, consideration should be given to F.S.A. Ch. 55, which deals at length with judgments and executions.” See Authors’ Comments, West’s Florida Statutes Annotated, Rule 1.550, Florida Rules of Civil Procedure (1967). Chapter 55 uses the term “rendition” only twice, once in section 55.04 which deals with the interest rate to be assessed on judgments rendered on government bonds and sheds no light whatsoever on when a judgment creditor may execute on a signed order or judgment; see § 55.04 Fla. Stat. (2014), and then in section 55.07 which states that when an order or judgment has been rendered by virtue of docketing in the circuit court, the validity of any proceedings on that order or judgment cannot be collaterally attacked even if the order or judgment has not been recorded in the official public records:
55.07 Judgments; effect of failure to record.
The failure to record any order, judgment or decree shall not affect the validity of any proceedings had thereon when collaterally attacked; provided, rendition of such order, judgment or decree is shown by the progress docket in the cause....
*661 § 55.07, Fla. Stat. (2014). Neither reference is enlightening here.
More to the point, however, is the Florida Supreme Court’s use of the term “rendition” when amending the rule for executions on judgments in the circuit and county courts. See Fla. R. Civ. P. 1.550; FI. Sm. Cl. R. 7.200. On the very same day, June 19, 1968, the Florida Supreme Court amended Rules 1.550 and 7.200 so they similarly provided that no execution shall issue “until the judgment on which it is based has been recorded,” or, where a motion for new trial had been timely served, “until [the motion] is determined.” See In re Fla. Summary Claims Procedure Rules, 211 So.2d 553, 553 (Fla.1968); In re Fla. Rules of Civil Procedure, 211 So.2d 206, 208 (Fla.1968).
With minor revisions not relevant here, Rule 1.550 has remained the same to this day with respect to “recordation” of the judgment and “determination” of a motion for new trial. However, in 1972, the Florida Supreme Court amended Rule 7.200 to provide, as it now does, that no execution on county court judgments shall be issued until the judgment is rendered:
... No execution or other final process shall issue until the judgment on which it is based has been rendered nor within the time for serving a motion for new trial and if a motion for new trial is timely served, until it is determined....
In re Rules of Summary Procedure, 270 So.2d 729, 735-36 (Fla.1972). This amendment clearly demonstrates that the Florida Supreme Court understood and intended that there be a difference between what is “recorded,” what is “rendered” and what is “determined.” We therefore cannot agree with the dissent’s supposition that “determined” in the context of Rule 1.550 “is functionally equivalent to the term ‘rendered’ in Florida Rule of Appellate Procedure 9.020(i).”
Finally, and possibly most significantly, the use of the term “determined” as “having reached a decision,”[4] is the best way to protect the party in whose favor a judgment has been entered. That is, it allows that party to execute on his judgment until his rights have been otherwise secured— i.e. a bond has been posted. See Pabian v. Pabian, 469 So.2d 189, 191 (Fla. 4th DCA 1985)(“[T]he guiding principle in setting a supersedeas bond is to protect the party in whose favor judgment was entered by assuring its payment in the event the judgment is affirmed on appeal.”). Thus, as one source advises “a party who intends to stay a judgment by posting a bond should arrange to have a bond in place at the time the trial court rules on the post-trial motions.” Raymond T. (Tom) Elligett & John M. Scheb, Appellate Stays And Bonds, 75 FL B.J. 33 (2001).[5] That was not done in this ease.
In sum, we find no problem in concluding “determined” means the point in time when the trial judge, in this case signed an order ruling on the school’s post-trial motions. We affirm the order denying Charter School’s motion to dissolve writs of garnishment and to enforce supersedeas *662 bond. In light of the funds frozen, the trial court may consider a motion to reduce the amount of the supersedeas bond, should Charter School seek such relief. See Freedom Insurors, Inc. v. M.D. Moody & Sons, Inc., 869 So.2d 1288, 1285 (Fla. 4th DCA 2004).[6]
FERNANDEZ, J., CONCURS.

. See C & S Plumbing, Inc. v. Live Supply, Inc., 397 So.2d 998, 999 (Fla. 4th DCA 1981) ("A writ of garnishment is one form of final process to enforce a judgment solely for the payment of money. See Fla.R.Civ.P. 1.570(a).”).

. A party is "entitled to rely on the Rules as they read.” Nolan v. Eshleman, 183 So.2d 205, 207 (Fla.1966). "Court rules are construed under the same principles of construction that apply to statutes. Syndicate Properties, Inc. v. Hotel Floridian Co., 94 Fla. 899, 114 So. 441 (1927); Rowe v. State, 394 So.2d’ 1059 (Fla. 1st DCA 1981). One of the fundamental rules of construction dictates that when the language under review is unambiguous and conveys a clear meaning, it must be given its plain and ordinary meaning. In re McCollam, 612 So.2d 572, 573 (Fla.1993); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)." Castillo v. Vlaminck de Castillo, 771 So.2d 609, 610-11 (Fla. 3d DCA 2000). See GarCon Development, Inc. v. State, Dept. of Environmental Regulation, 468 So.2d 413, 415 (Fla. 1st DCA 1985) ("In interpreting rales or statutes, words should be given their plain and ordinary meaning. Department of Health and Rehabilitative Services v. McTigue, 387 So.2d 454 (Fla. 1st DCA 1980).”).

. See generally Elliot H. Scherker, Julissa Rodriguez, Rachel A. Canfield, Stephanie L. Varela, Jay A. Yagoda, & Nancy Wear, Stays, in Florida Appellate Practice, § 17-4 (Fla. Bar CLE 9th ed. 2014) ("Rule 1.550 should be invoked in cases in which there is a legitimate threat of immediate execution. The motion should request that execution be stayed for a brief period so that the appellant can file a notice of appeal and obtain a stay. Filing this motion may prevent the clerk from issuing execution without a court order. It is clear, however, that a Rule 1.550(b) motion cannot be used as a substitute for a stay pending appeal. A trial court cannot enter an order delaying execution during the entire pendency of appeal, because doing so would circumvent the requirements of the rules. Campbell; Barnett v. Barnett Bank of Jacksonville, N.A., 338 So.2d 888 (Fla. 1st DCA 1976); see also Mellon United National Bank v. Cochran, 776 So.2d 964 (Fla. 3d DCA 2000). Rather, the purpose of a Rule 1.550(b) motion is simply to give the appellant time to obtain a stay or post a bond, or do both, without suffering execution in the interim. See Greenbriar Condominium Ass’n, Inc. v. Padgett, 583 So.2d 1100 (Fla. 4th DCA 1991).”).

. See Merriam-Webster: An Encyclopdia Britannica Company, http://www.merriam-webster.com/dictionary/determined (last visited Sept. 12, 2014).

. It is worth remembering that if the appellant does not stay a monetary judgment, and the appellee/judgment creditor executes on the judgment during the appeal, and the judgment is ultimately reversed, the appellant is entitled to have its property restored to it by the appellee. While it is true “the appellant who does not post a bond runs the risk that at the time of reversal the appellee may no longer have the money and may be judgment proof,” but this is the price paid for not securing a bond. Appellate Stays And Bonds, 75 FL BJ. at 33.

. The dissent observes:
[t]he trial court stayed further proceedings on the writs of garnishment pending this appeal, but the funds frozen by the banks, $2,017,000.00, remain frozen and unavailable to the schools, while the full amount of the supersedeas bond ($5,748,750) also remains in place.
However any perceived injustice by this circumstance could be remedied as was done in Freedom Insurors, 869 So.2d at 1285, where the Fourth District approved the trial court’s action in reducing the supersedeas bond amount by the amount already held as a result of the previously instituted garnishment proceeding:
Given the supreme court’s characterization of the effect of a supersedeas, the proper remedy in this case was to stay the garnishment proceeding once the superse-deas went into effect on June 13. See Fla. Steel Corp. v. A.G. Spanos Enters., Inc., 332 So.2d 663, 664-65 (Fla. 2d DCA 1976) (holding that where judgment has been superseded pending appeal, a garnishment proceeding directed at that judgment should be stayed, and not dissolved); see also GEICO Fin. Servs. v. Kramer, 575 So.2d 1345, 1347 (Fla. 4th DCA 1991) (following Fla. Steel); Richard’s Paint Mfg., Co. v. Onyx Paints, Inc., 394 So.2d 1064, 1066 (Fla. 4th DCA 1981) (same). This is what the circuit court did; the court accommodated Freedom by reducing the amount of the bond by the amount held in the garnishment.
See 3 Fla. Jur. 2d Appellate Review § 168 (2014) ("A judgment debtor 'posts’ a superse-deas bond, for purposes of an automatic stay pending appeal, on the date the bond is filed with the clerk of court rather than the date the debtor obtains the bond, and thus a writ of garnishment obtained by a judgment creditor after the bond is obtained but before it is filed is properly stayed but not dissolved. The automatic stay is not effective until the bond is posted.”).