385 So.2d 1170 (1980)
PALM BEACH HEIGHTS DEVELOPMENT AND SALES CORPORATION, Appellant,
v.
Anthony DECILLIS and Mary Decillis, Appellees.
No. 80-834.
District Court of Appeal of Florida, Third District.
July 16, 1980.
Mann, Dady, Corrigan, Baron & Zelman and Lawrence D. Winson, Miami, for appellant.
*1171 Marc J. Postelnek, Miami Beach, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.

ON MOTION FOR CLARIFICATION
PER CURIAM.
Anthony and Mary Decillis were awarded a money judgment in the amount of $6,128 against Palm Beach Heights Development and Sales Corporation (PBH). PBH appealed. Five days later the Decillises, pursuant to Rule 9.310, Florida Rules of Appellate Procedure, moved the lower court to enter an order requiring PBH to post an appeal bond. The lower court entered an Order Requiring Supersedeas Bond, which provided, inter alia:
"ORDERED AND ADJUDGED the Defendant [PBH] shall post a good and sufficient bond to indemnify Plaintiffs for their costs, interest and fees as well as the amount of the Final Judgment heretofore entered by this Court, if the appeal of the Defendant/Appellant is dismissed or the Order appealed from is affirmed, in the amount of $7,216.00."
PBH sought and we granted review of the aforesaid order. On June 30, 1980, we vacated the lower court's Order Requiring Supersedeas Bond "without prejudice to the appellant's right to procure stay pending review at any time throughout the pendency of the appeal by complying with the provisions of Florida Rule of Appellate Procedure 9.310(b)(1)." At PBH's request, we now clarify that order.
We vacated the lower court's order for the reason that it required the appellant to post a bond pending appeal. A trial court cannot impose such a requirement upon an appellant. A party can appeal a money judgment without posting a supersedeas bond, and the opposing party has the concomitant right to seek execution upon the judgment. Fitzgerald v. Addison, 287 So.2d 151 (Fla.2d DCA 1973). On the other hand, should the appellant desire a stay pending our review, such a stay is automatic, without the necessity of a motion or order, on its posting of a good and sufficient bond equal to the amount of the judgment, plus fifteen per cent thereof. Fla.R.App.P. 9.310(b).
PBH asserts that it has a right to obtain a stay under Rule 9.310(a) without posting a bond or by posting less of a bond than Rule 9.310(b) requires, and that our order is too limiting. We disagree. PBH is entitled to a stay of the final judgment only by the posting of the bond in the amount set forth in Rule 9.310(b), and the trial court is not empowered to deprive the Decillises of their right to execute on the judgment by ordering any lesser bond or otherwise setting less onerous conditions. Barnett v. Barnett Bank of Jacksonville, N.A., 338 So.2d 888 (Fla.1st DCA 1976); Jenkins Trucking, Inc. v. Emmons, 207 So.2d 280 (Fla.3d DCA 1968).
Our order of June 30, 1980, as clarified, stands.