385 So.2d 749 (1980)
PROPRIETORS INSURANCE COMPANY et al., Appellants,
v.
John and Janet VALSECCHI, etc., Ann and Richard Scileppi, Etc., et al., Appellees.
Nos. 80-752, 80-753.
District Court of Appeal of Florida, Third District.
July 18, 1980.
*750 Bradford, Williams, McKay, Kimbrell, Hamann, Jennings & Kniskern, Miami, Daniels & Hicks, Dolan, Fertig & Curtis, Ft. Lauderdale, for appellants.
Rossman & Baumberger, Podhurst, Orseck & Parks, Miami, for appellees.
Before HUBBART, NESBITT and BASKIN, JJ.

ON MOTION TO REVIEW
HUBBART, Judge.
This is a motion to review an order of a trial court increasing the amount of three supersedeas bonds previously posted by the appellant in this cause. We have jurisdiction to review this order. Fla.R. App.P. 9.310(f).
The central issue presented for review is whether an insurance company which is appealing an adverse final money judgment may obtain an automatic stay pending appeal under Fla.R.App.P. 9.310(b)(1) by posting a good and sufficient supersedeas bond in the amount ordered to be paid by said money judgment plus 15 percent thereof. We conclude that under Fla.R.App.P. 9.310(b)(1) the insurance company is entitled to such an automatic stay upon the posting of a supersedeas bond in the above amount, which amount a trial court has no discretion to increase. Accordingly, we reverse the order under review and reinstate the original supersedeas bonds posted by the appellant Proprietors Insurance Company herein.

I
The facts pertaining to the instant motion are undisputed. In an action filed and tried in the Circuit Court for the Eleventh Judicial Circuit of Florida, the plaintiffs John and Janet Valsecchi, the plaintiffs Ann and Richard Scileppi and the cross-claimant Caetano Da Vital secured jury verdicts against the defendant Proprietors Insurance Company and its insured defendants Deland Aviation, Inc., O.R. Hunt, and Dean V. West in the amount of $750,000, $750,000 and $750,000 respectively. Three final judgments were entered upon these verdicts in favor of the plaintiffs against all the above defendants in this cause. These final judgments were, in turn, amended by the trial court to reduce the defendant Proprietors Insurance Company's liability on the judgments to the amount of the applicable insurance policy limits, to wit: $75,000 as to the Valsecchi plaintiffs; $75,000 as to the Scileppi plaintiffs and $100,000 as to the Vital plaintiff. All the defendants have prosecuted an appeal to this court from these final judgments as amended.
The defendant Proprietors Insurance Company sought to supersede the amended final judgment entered against it and from which it has appealed by posting with the clerk of the circuit court three supersedeas bonds equal to the amount which it was required to pay by the judgments appealed from, plus 15 percent thereof.[1] The plaintiffs *751 herein were dissatisfied with the amount of these bonds and moved the trial court to increase such bonds to equal the amount which the defendant Proprietors Insurance Company was required to pay by the amended final judgments plus 15 percent of the $750,000 entered against the individual insured defendants herein. The trial court entered an order granting this motion after a full hearing. The defendant Proprietors Insurance Company has filed a motion to review this order.

II
The applicable and controlling law in this case is found at Fla.R.App.P. 9.310 (1977), which provides in relevant part as follows:
"(a) Application. Except as provided by general law and in section (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify or deny such relief. A stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both.
(b) Exceptions.
(1) Money Judgments. When the order is solely for the payment of money, a stay pending review is automatic, without the necessity of motion or order, on posting of a good and sufficient bond equal to the amount ordered to be paid, plus 15% thereof. If the liability of a party is less than the entire amount ordered to be paid, the bond required for that party shall be equal to the amount of such liability, plus 15%. Multiple parties having common liability may file a bond in the amount of the common liability, plus 15%."
This rule represents a change from the prior applicable appellate rules on this subject which provided at Fla.R.App.P. 5.5, 5.7 (1962) as follows:
"If a party desires to supersede a final decision, judgment, order or decree, he shall, at the time the appeal is taken, or at any time prior to filing the record-on-appeal in the Court, apply to the lower court for an order fixing the amount, terms and conditions for good and sufficient bond to be payable to the adverse party." Fla.R.App.P. 5.5 (1962).
"When the decision, judgment, order or decree requires or provides unconditionally for the payment or recovery of money, the bond shall be conditioned to satisfy the judgment or decree or any modification not increasing the amount thereof, in full, including costs, interest (if chargeable), and damages for delay, in event the appeal be dismissed or the judgment, order or decree is affirmed." Fla.R.App.P. 5.7 (1962).
As a plain reading of the above rules indicate, Fla.R.App.P. 9.310 (1977), does not provide for a hearing and a discretionary setting of a supersedeas bond by the trial court, as the prior rule did, where an appeal is taken from a money judgment. As to such an appeal, the amount of the supersedeas bond is automatically set by Fla.R.App.P. 9.310(b)(1) at a sum "equal to the amount ordered to be paid [by the judgment appealed from], plus 15% thereof." The committee notes for Fla.R.App.P. 9.310(b)(1) confirm this conclusion by stating that the above rule "establishes a fixed formula for determining the amount of the bond where there is a judgment solely for money." A trial court, in our view, has no discretion to interfere with this formula by increasing or decreasing the amount of the supersedeas set by the rule. The salutory purpose behind this new rule was to relieve the trial and appellate courts from the taxing administrative burden of hearing and deciding routine, non-controversial motions for supersedeas on appeals from money judgments by fixing a formula for the posting of such bonds with the clerk of the court without the necessity for a motion or hearing. Indeed, the formula fixed by Fla. R.App.P. 9.310(b)(1) is similar in amount to that which was followed by the vast majority of trial and appellate courts under the prior rules. The purpose behind the new rule is defeated, in our judgment, if we *752 read it, as urged, to give the trial court the discretionary authority to hear and grant motions to increase or decrease such supersedeas bonds.

III
In the instant case, we deal with three amended final judgments solely for money which ordered the defendant Proprietors Insurance Company to pay the plaintiffs herein $75,000, $75,000 and $100,000 respectively. Under Fla.R.App.P. 9.310(b)(1), the defendant Proprietors Insurance Company is entitled to an automatic stay of such judgments pending an appeal to this court by posting, as it did, three supersedeas bonds equal to the amounts ordered to be paid by said judgments plus 15 percent thereof. We see no legal basis under the rule for the trial court to exercise its discretion, as it did, and increase the supersedeas bonds herein. The rule, not the trial court, sets the amount of the supersedeas bond in an appeal to this court from a money judgment.
The plaintiffs herein urge, notwithstanding the clear language of Fla.R. App.P. 9.310(b)(1), that the trial court should have the authority to increase the supersedeas bond previously posted because the formula set by the rule is inadequate in this case. Specifically, the plaintiffs point out that the defendant Proprietors Insurance Company has a contingent liability to pay for any interest and taxable costs incurred upon appeal from the judgments entered against the individual insured defendants under the subject insurance policy, which liability is not adequately secured by the supersedeas bonds herein. We are cited to no authority, however, either under the present or prior appellate rules which require an insurance company to supersede such a contingent liability in order to stay a money judgment entered against it pending appeal, and our independent research has revealed none. Such contingent liability, in our view, may be determined and enforced in subsequent proceedings by independent complaint under Fla.R.Civ.P. 1.110(h), but need not be superseded upon this appeal by the defendant Proprietors Insurance Company. In any event, Fla.R.App.P. 9.310(b)(1) automatically sets the amount of supersedeas herein and, as previously explained, the trial court has no discretion to determine that the automatic formula set by the rule is inadequate in a given case.[2]
The motion to review is granted and the cause remanded to the trial court with directions to vacate the order under review and reinstate the three prior supersedeas bonds previously posted in this cause by the defendant Proprietors Insurance Company.
NOTES
[1] It should be noted that the posted supersedeas bonds also include the individual insured defendants as principals on the bonds. It is clear, however, that these bonds in no way supersede the $750,000 amended final judgments entered against such defendants herein as the amount of the bonds posted is vastly less than that required by Fla.R.App.P. 9.310(b)(1).
[2] The plaintiffs have filed a thoughtful and comprehensive response in this cause which we have carefully considered. We must, nonetheless, reject the position taken therein as such would require a rewrite of our present appellate rules and practice. Indeed, as the response indicates, plaintiff's counsel has proposed just such a change to the Appellate Rules Committee in accord with the position he takes in his response. We believe any such change, if warranted, should come by this method of proper rule modification rather than, as urged, by judicial fiat of this court.