606 So.2d 1234 (1992)
Ferris WALLER, Appellant,
v.
DSA GROUP, INC., a Florida Corporation, Appellee.
No. 91-04213.
District Court of Appeal of Florida, Second District.
October 14, 1992.
Rehearing Denied November 9, 1992.
Jeffrey A. Blau, Tampa, for appellant.
Diana L. Fuller of Smith & Fuller, P.A., Tampa, for appellee.

ON MOTION FOR REVIEW OF BOND
ALTENBERND, Judge.
In this appeal from a money judgment, the defendant, Ferris Waller, seeks review of an order denying stay pending appellate review and granting garnishment of a bank account. The trial court and the parties have confused the procedures concerning a cash deposit in the registry of the court with the procedures for an automatic stay under a supersedeas bond. See Fla. R.App.P. 9.310. Although we conclude that the defendant has not preserved any error concerning the garnishment, the defendant is entitled to seek a return of some of the funds in the registry of the court and may also seek a proper stay order in the trial court based on the cash deposit.
A final money judgment in the amount of $7,204.29 was entered in favor of the plaintiff, DSA Group, Inc., on December 2, 1991. The defendant filed an appeal to this court on December 16, 1991. Although the notice purported to appeal a nonfinal order of summary judgment, we have treated the notice as a final appeal from the final judgment.[1] Our record does not indicate that this judgment was initially stayed within the time for the issuance of execution.
A "supplemental judgment" was entered awarding attorney's fees in the amount of $8,106.16 on February 4, 1992.[2] Even before *1235 this judgment was entered, the defendant deposited $18,984.96 with the clerk of circuit court. Apparently, this amount equals the total amount awarded in the two judgments plus twice the statutory interest. In conjunction with the deposit in the registry of the court, the defendant filed a document purporting to be a "supersedeas bond" in which Mr. Waller was both the principal and the only surety. The conditions described in this "bond" varied slightly from those contained in rule 9.310(c)(2).
DSA Group did not regard the defendant's cash deposit under the conditions described in the "bond" as sufficient. It served a writ of garnishment on Plant State Bank, which answered that it had $7,204.29 on deposit. Mr. Waller did not file or serve any pleading directed to the writ of garnishment. Thereafter, a final judgment of garnishment was entered. A motion for rehearing and for stay was denied. Somehow the judgment of garnishment was satisfied before the rehearing was resolved.
The defendant challenges the garnishment order, as an order denying stay pending appeal. Under these circumstances, we review the order under rule 9.310(f) as an order denying stay, but note that a separate appeal is usually filed to challenge a judgment of garnishment. See generally Flanary v. Bailey, 591 So.2d 308 (Fla. 5th DCA 1991); Florida Pub. Serv. Comm'n v. Pruitt, Humphress, Powers & Munroe Advertising Agency, Inc., 587 So.2d 561 (Fla. 1st DCA 1991).
Rule 9.310 makes no reference to a cash deposit. We have located no Florida case holding that a party may obtain an automatic stay of execution pursuant to rule 9.310(b)(1) upon depositing cash in lieu of posting a supersedeas bond. Other states have been hesitant to treat cash as a bond for purposes of appeal. See Annotation, Check or Money as Meeting Requirement of Appeal Bond, 65 A.L.R.2d 1134, § 3 (1959). We conclude that filing cash in the registry of the court does not establish an automatic stay under rule 9.310(b)(1).
It is obvious that the document purporting to be a supersedeas bond in this case is not a supersedeas bond. It is not backed by two personal sureties or a surety company. Thus, we agree with the trial court that the purported bond did not stay execution of the initial judgment.
On the other hand, it was not necessary for the trial court to grant a judgment of garnishment after the full amount of the judgment plus interest was deposited in cash with the clerk of the circuit court. Although cash does not act as an automatic stay, a trial court has authority upon motion of a party to enter a stay order upon conditions other than a bond. See Fla. R.App.P. 9.310(a). A deposit of cash can be an adequate condition for a stay. See Wilson v. Woodward, 602 So.2d 545 (Fla. 2d DCA 1991). Although the conditions in the purported bond may have been inadequate in this case, the trial court had the authority to enter an order with adequate conditions, assuring that the money in the registry could not be withdrawn until resolution of the appeal.
We deny the motion for review because it does not appear that the defendant ever filed a motion for stay under rule 9.310(a). The defendant has argued only that he was entitled to an automatic stay. The defendant did not answer the garnishment and the trial court was never clearly informed of the circumstances of this cash deposit.
It now appears, however, that the defendant has an amount in the registry which is more than adequate to stay execution on the remainder of the judgment. Thus, the defendant may seek relief in the trial court to obtain an adequate stay order and to obtain a return of the excess deposit.
Review denied.
RYDER, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The defendant's attorney also initially failed to pay the filing fee. Eventually, this nonjurisdictional matter was cured. See Fla.R.App.P. 9.040(h).
[2] This supplemental judgment has not been appealed to this court. For purposes of this order, it is not essential that we determine whether we have any jurisdiction concerning this second final judgment.