648 So.2d 208 (1994)
Luther CAMPBELL and Luke Records, Inc., a Florida Corporation, Appellants,
v.
Peter JONES, Professionally Known as M.C. Shy D., Appellee.
No. 94-2582.
District Court of Appeal of Florida, Third District.
December 21, 1994.
*209 Manzini & Associates, P.A., and Nicolas A. Manzini, Miami, for appellants.
Richard C. Wolfe, Aventura, for appellee.
Before HUBBART, JORGENSON and GERSTEN, JJ.

ORDER ON MOTION TO VACATE STAY OF EXECUTION PENDING APPEAL
PER CURIAM.
Luther Campbell filed a Notice of Appeal from a money judgment in excess of $1.5 million; thereafter, he filed a motion in the trial court to stay execution of that judgment pending appeal. Relying on Fla.R.Civ.P. 1.550(b), Campbell argued that he was not able to procure a supersedeas bond, and that unless execution was stayed pending appeal, appellants' business would be "dismembered" through execution. The trial court granted a stay that was not conditioned upon the posting of any bond; the stay was to be in effect for three months. In so doing, the trial court erred.
Under Fla.R.App.P. 9.310(b)(1), an appellant is not required to post a supersedeas bond in order to perfect an appeal from a money judgment. Palm Beach Heights Dev. & Sales Corp. v. Decillis, 385 So.2d 1170, 1171 (Fla. 3d DCA 1980). However, if an appellant seeks to stay execution of judgment pending the appeal, he may obtain a stay "only by the posting of the bond in the amount set forth in Rule 9.310(b)." Id. See also First Dev. Co. v. Bemaor, 449 So.2d 290, 291 (Fla. 3d DCA 1983) (appellant entitled to stay of judgment for attorney's fees and costs only by posting good and sufficient bond as required by Fla.R.App.P. 9.310(b)(1)). Cf. Avirgan v. Hull, 125 F.R.D. 185 (S.D.Fla. 1989) (Fed.R.Civ.P. 62(d) provides that court can issue stay pending appeal only when judgment debtor posts supersedeas bond; claim that posting bond would render defendant insolvent not sufficient ground for granting stay without bond), aff'd, 932 F.2d 1572 (11th Cir.1991), cert. denied, 502 U.S. 1048, 112 S.Ct. 913, 116 L.Ed.2d 813 (1992).[1]
Motion granted; stay vacated.
NOTES
[1] We note that Fla.R.Civ.P. 1.550(b) has been described as a vehicle for protecting a judgment debtor "briefly while he perfects his appeal and obtains supersedeas." Barnett v. Barnett Bank of Jacksonville, N.A., 338 So.2d 888, 889 (Fla. 1st DCA 1976) (emphasis added). See also Chapman v. Rose, 295 So.2d 667 (Fla. 2d DCA 1974) (temporary stay of execution on money judgment would have been appropriate under Fla.R.Civ.P. 1.550(b) for four days while appeal filed and supersedeas obtained). In this case, appellant sought relief under rule 1.550 after filing the notice of appeal.