THOMPSON, Judge.
Paul Theodoropoulos and Anne Theodoro-poulos (“the Theodoropouloses”) appeal the entry of an amended final judgment in favor of Betty Marie Talbert (“Talbert”) after a bench trial. There were two issues raised on appeal: (1) whether a lease between the parties had been properly renewed; and (2) whether the court had over secured the judgment when it required the Theodoropouloses to post a supersedeas bond and to maintain money in their lawyer’s trust for the benefit of Talbert. We affirm the entry of the judgment, but quash that portion of the amended judgment that required money to be kept in the lawyer’s trust.
The Theodoropouloses filed a complaint for declaratory judgment to determine their rights under a lease signed by the parties, therein alleging that they had effectively renewed the lease pursuant to its terms. To the contrary, Talbert alleged that the Theo-doropouloses were in default under the lease because they had not paid rent, taxes or insurance as required. Further, Talbert alleged that the lease had not been renewed because the Theodoropouloses failed to request a renewal of the lease in writing “no later than 90 days prior to expiration of [the] Lease,” as required under the terms of the lease. The Theodoropouloses admitted that no written notice had been sent. Talbert considered the Theodoropouloses to be tenants at sufferance and, therefore, demanded past due rent, taxes, double rent, costs, attorneys fees and immediate possession, of the premises.
During a bench trial, the trial court entered a judgment for Talbert after finding that Talbert was entitled to possession because, the lease not having been effectively renewed, the Theodoropouloses were holdover tenants, and because they had not fully paid the rent, taxes, and insurance. See §§ 83.58, 83.04, 83.05, Fla.Stat. (1993). Further, the trial court found that Talbert had given the proper three-day notice pursuant to section 83.20(2), Florida Statutes (1993). Additionally, the trial court ordered that the clerk of court issue a writ of possession and that the Theodoropouloses quit the premises immediately since they were tenants at sufferance. Id. Subsequent to that order, the trial court entered a total money judgment in the amount of $11,162.29. The Theodoropou-loses appealed and posted a supersedeas bond in the amount of $13,841.24 with the clerk of the court to stay implementation of the court order. The bond was the amount of the money judgment plus twice the statutory rate of interest pursuant to Florida Rule of Appellate Procedure 9.310(b).
Although the supersedeas bond had been posted, the trial court’s amended final judgment required the Theodoropouloses’ attorney to retain their funds in his trust. The funds had been placed with the attorney as partial rental payments by the Theodoropou-loses during the proceedings. This ruling had the effect of over-securing the judgment to the Theodoropouloses’ detriment. We affirm the entry of the final judgment by the trial court. There was sufficient evidence presented to prove substantial breaches of the lease. However, we hold that the super-sedeas bond was sufficient to secure Tal-bert’s judgment and quash that portion of the trial judge’s amended judgment which required the Theodoropouloses’ attorney to retain funds in his trust in excess of $8,527.74.
The trial court erred when it required the Theodoropouloses’ attorney to retain funds in his trust after a supersedeas bond had been posted to secure Talbert’s judgment. The Theodoropouloses had given adequate surety to cover the judgment. Although other issues were raised, once the court reduced the damages to a money judgment and the Theo-doropouloses posted a bond to secure the judgment, they should have had the money posted with their lawyer returned to them. See Waller v. DSA Group, Inc., 606 So.2d 1234 (Fla. 2d DCA 1992) (holding that bond *1058 is excessive where money held in registry of court was sufficient to pay full amount of judgment, and trial court’s order required appellant to post a bond in principal amount plus twice amount of statutory rate of interest, with principal amount remaining in court’s registry, so that bond more than doubled appellee’s protection). We quash that portion of the amended judgment of the trial court.
AFFIRMED in part; QUASHED in part; REMANDED.
PETERSON, C.J., and GRIFFIN, JJ., concur.