FARMER, J.

On Motion To Review Denial Of Stay Pending Review

Appellants seek review of an order imposing sanctions against them for frustrating orders of the court relating to a sale under a final judgment of foreclosure of property in which they have an interest. They previously appealed the foreclosure judgment, and we affirmed it except for a prepayment penalty. Begonia Corp. v. Nam Fin. Corp., 710 So.2d 577 (Fla. 4th DCA 1998), reh’g denied (Mar. 30, 1998).
After our remand there were further proceedings to amend the judgment and have a sale. One sale was set aside and a new one scheduled. A second sale failed because the successful bidder defaulted on a deposit. A new sale was then scheduled but additional proceedings intervened, which resulted in an order of the trial court finding that appellants had conspired with third parties to frustrate the orders of the court relating to the sale. The order awarded appellee the sum of $100,000 as sanctions against appellants.
Appellants thereafter sought a supersede-as bond as to the amount of the sanctions imposed against them, but the trial judge refused to set or allow such a bond and thus any stay pending review. Upon the filing of the motion to review the refusal to allow a bond, we stayed further proceedings, including the sale, pending our review of the issues relating to the stay.
Having now considered the matter, we vacate any stay as to the sale under the final judgment of foreclosure but reverse the order refusing to set a supersedeas bond as to the amount of the sanctions. The sanctions order arose from a collateral proceeding in the foreclosure action. Thus, while the final judgment of foreclosure itself may not have been “solely for the payment of money”, see Fla.R.App.P. 9.310(b)(1), the sanctions order is reasonably understood as such a judgment. That being so, appellants are entitled to bond the sanctions order while they pursue their appeal of it. The fact that the order lacks words allowing immediate execution does not remove it from the realm of orders essentially requiring the payment of a fixed sum of money.
We remand with instructions to set a su-persedeas bond as a condition of the stay of the sanctions order in accordance with rule 9.310(b)(1). The sale shall proceed as the trial court may provide by appropriate order.
KLEIN and STEVENSON, JJ, concur.