776 So.2d 964 (2000)
MELLON UNITED NATIONAL BANK, etc., Appellant,
v.
Michael L. COCHRAN, Appellee.
No. 3D00-1626.
District Court of Appeal of Florida, Third District.
December 20, 2000.
Broad & Cassell, and Gary E. Lehman, Miami, for appellant.
No appearance for appellee.
Before SCHWARTZ, C.J., and SORONDO, and RAMIREZ, JJ.
PER CURIAM.
The trial court granted final summary judgment for plaintiff Mellon United National Bank, and entered a judgment against defendant Michael L. Cochran in excess of $117,500. Cochran requested the court to give him time to get his finances in order through the resolution of a pending divorce action before authorization of execution on the judgment. No notice of appeal, motion for stay or supersedeas bond was filed by Cochran; however, the trial court interlineated on its final judgment "no execution until further order of court." The trial court indicated it was suspending execution on equitable grounds. We reverse.
If a defendant seeks to stay execution of judgment pending the appeal, "he may obtain a stay `only by the posting of the bond in the amount set forth in Rule 9.310(b).'" Campbell v. Jones, 648 So.2d 208, 209 (Fla. 3d DCA 1994) (quoting from Palm Beach Heights Dev. & Sales Corp. v. Decillis, 385 So.2d 1170, 1171 (Fla. 3d DCA 1980)), see Finst Dev. Inc. v. Bemaor, 449 So.2d 290, 291 (Fla. 3d DCA 1983) (appellant entitled to stay of judgment for attorney's fees and costs only by posting good and sufficient bond as required by rule 9.310(b)(1)), see also DuBreuil v. Regnvall, 527 So.2d 249 (Fla. 3d DCA 1988); Murphy v. Murphy, 378 So.2d 27 (Fla. 3d DCA 1979).
Reversed.