ORDER ON MOTION FOR REVIEW OF ORDER GRANTING STAY

ALTENBERND, Chief Judge.
Leonard Earl Russek and Lenvest, Inc., seek review of the trial court’s order staying the execution of a money judgment for attorney’s fees and costs without requiring Jonathan K. Platt to post a supersedeas bond pursuant to Florida Rule of Appellate Procedure 9.310(b)(1). We have authority to review the trial court’s order under Florida Rule of Appellate Procedure 9.310(f), and for the reasons stated below, we grant Mr. Russek and Lenvest’s motion for review of the order granting the stay and vacate the stay order.
After a verdict of no liability in a personal injury lawsuit, the defendants, Mr. Russek and Lenvest, filed a motion to tax fees and costs pursuant to section 768.79, Florida Statutes (2000). The trial court granted the motion and entered a judgment against Mr. Platt in the amount of $148,198.38. Mr. Platt filed a motion to stay execution of the judgment for fees and costs, without bond, pending the appeal of the final judgment in the personal injury case.[1] In the motion, Mr. Platt al *7 leged that his injuries forced him to dose his cabinet-making business, that he did not have the ability to pay the judgment for fees and costs, and that he could post only a token amount should the trial court require him to post a bond as a condition of a stay. Mr. Platt further alleged that without a stay, he would be “substantially prejudiced, and [would] suffer irreparable harm.”
At the hearing on the motion, Mr. Platt testified that he owned a home that was protected by a homestead exemption and a vehicle that he valued at $1000. He testified that he had no other assets. The trial court entered an order granting the motion to stay execution without bond, staying execution on the judgment for fees and costs until June 30, 2004. The order provided that the stay was without prejudice to Mr. Russek and Lenvest’s ability to request a removal of the stay upon receipt of information that Mr. Platt has material assets subject to execution or upon demonstration that Mr. Platt is not diligently pursuing the appeal from the judgment in the personal injury case.
Rule 9.310 states in pertinent part:
(a) Application. Except as provided by general law and in subdivision (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.
(b) Exceptions.
(1) Money Judgments. If the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, without the necessity of a motion or order, by posting a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest. Multiple parties having common liability may file a single bond satisfying the above criteria.
Mr. Platt filed his motion to stay execution pursuant to the procedure outlined in rule 9.310(a). Mr. Russek and Lenvest argued in the trial court, and also argued in their motion for review of order granting stay filed in this court, that Mr. Platt is entitled to a stay of an execution on a money judgment, such as the judgment for fees and costs, only if he posts a bond equal to the amount of the judgment plus two years of interest at the statutory rate, pursuant to the procedure outlined in rule 9.310(b)(1). They rely on a line of Third District cases that so hold. See, e.g., Campbell v. Jones, 648 So.2d 208 (Fla. 3d DCA1994).
Although a bond in the amount required for an automatic stay under rule 9.310(b)(1) may, as a general rule, be the appropriate condition for a stay of execution, we disagree with the Third District that it is the only condition. Rule 9.130(a) governs the procedure by which a party may move a trial court for a stay of a final or nonfinal order pending appellate review. The trial court, in its discretion, may grant or deny a motion for stay, and a stay “may be conditioned on the posting of a good and sufficient bond, other conditions, or both.” Rule 9.310(b)(1) states that if the *8 order sought to be stayed is solely a money judgment, a party need not file a motion pursuant to rule 9.310(a) to obtain an order staying execution but may obtain an automatic stay of execution upon posting the requisite bond.
In Waller v. DSA Group, Inc., 606 So.2d 1234, 1235 (Fla. 2d DCA 1992), this court stated, in relation to a money judgment, that “a trial court has authority upon a motion of a party [filed pursuant to rule 9.310(a)] to enter a stay order upon conditions other than a bond.” In Waller, the appellant was seeking to file a cash deposit before the rule of procedure allowed such a deposit. We held that a trial court could condition a stay upon the filing of an adequate cash deposit.
Because we conclude that the trial court can grant a stay on conditions that vary from those required for an automatic stay under rule 9.310(b)(1), the narrowest question presented by this case is whether a trial court can stay a judgment without imposing any conditions upon the judgment debtor. As explained below, we conclude that the trial court does not have that authority.
If a trial court cannot stay a judgment without imposing some conditions, the next question is whether a trial court can stay a judgment upon conditions that do not necessarily guarantee the full payment of the judgment at the conclusion of the appeal. With some hesitation, we conclude that the trial court has this authority but that it should be exercised with great care. A trial court should not grant a stay that prejudices a judgment holder’s realistic opportunities to collect upon the judgment or that prevents a creditor from establishing a lien and priority to collect upon the judgment in the event that the debtor eventually has assets. Both the burden of proof and persuasion to impose conditions that do not guarantee the full payment of the judgment at the conclusion of the appeal should be upon the judgment debtor.
In this case, for example, if the trial court concluded that Mr. Platt had no assets subject to execution and no income subject to garnishment, it is unclear why Mr. Platt would need a stay. We fail to see how he would be prejudiced by an outstanding judgment during the pendency of an appeal if he has no assets or income that could be reached by the judgment creditor. On the other hand, if he does have assets or income that could be used to satisfy the judgment in whole or part, the trial court would prejudice the judgment holder by staying execution on conditions that did not provide the judgment holder with protection to the extent of these assets and income.
It is not entirely clear from our record whether the trial court thinks it is barring Mr. Russek and Lenvest from establishing a judgment lien against personal property. See §§ 55.202-.203, Fla. Stat. (2003). Without a full bond, the trial court should not grant a stay that prevents a judgment holder from establishing liens against real and personal property or that prevents a judgment holder from obtaining priority over subsequent creditors.
It is not necessary for this court to determine at this time what procedures a trial court should use to determine adequate conditions for a stay, but it would be reasonable to require the judgment debtor to submit to a deposition in aid of execution and a production of financial records before the entry of such a stay. It would also seem prudent to permit the judgment creditor to update this information every few months by additional discovery during the pendency of the appeal. If a stay is entered on such conditions, the order and record should be adequate to permit re *9 view by the appellate court pursuant to rule 9.310(f).
Motion granted; stay vacated.
SILBERMAN and WALLACE, JJ., concur.

. Mr. Platt did not appeal the judgment awarding fees and costs. The parties do not *7 argue that our analysis of Florida Rule of Appellate Procedure 9.310 should be affected by this circumstance.