BY ORDER OF THE COURT.
The respondent Terry Gene Bollea’s motion for clarification is granted to the extent that we substitute the following order in place of our order of March 16, 2016:
The petitioners’ petition filed under Florida Rule of Appellate Procedure 9.100(d) is granted. The orders of October 28, 2015, as amended by the nine-page November 18, 2015, order, as well as the two-page November 18, 2015, order are quashed, and the trial court is directed to unseal the records. By 4 p.m. Friday, March 18, 2016, in compliance with Florida Rule of'Judicial Administration 2.425, Respondent Terry Gene Bollea shall file a redacted version of the appendices, which will then be released to the public docket.
Upon review of record items sealed by the trial court in the aforementioned orders, this court has determined that the record items consist of motions, responses to motions, and other documents filed in support of the motions and responses, as well as transcripts of hearings on motions and we have concluded that confidentiality of the items at issue is not .necessary to avoid substantial injury to innocent third parties, that the information sought to be kept confidential is inherent in the proceeding pending in the trial court,, and that confidentiality is not required to. comply *494 ■with established public policy. See Fla. R. Jud. Admin. 2.420(c)(9)(A)(v), (vi), and (vii). Litigants do not have a reasonable expectation of privacy in matters inherent to a civil proceeding. See Carnegie v. Tedder, 698 So.2d 1310, 1312 (Fla. 2d DCA 1997) (“Historically, litigants have had no reasonable expectation of privacy with regard to trial proceedings and court files.”); see also Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113, 118 (Fla.1988) (“[A] strong presumption of openness exists for all court proceedings. A trial is a public event, and the filed records of court proceedings are public records available for public examination.”).
No further opinion will follow.
KELLY, SLEET, and BADALAMENTI, JJ., Concur.