IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SILVER BEACH TOWERS
PROPERTY OWNERS
ASSOCIATION, INC., SILVER
BEACH TOWERS EAST
CONDOMINIUM ASSOCIATION,
INC., and SILVER BEACH
TOWERS WEST
CONDOMINIUM ASSOCIATION,
INC.,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4555

        Appellants/Cross-Appellees,

v.

SILVER BEACH INVESTMENTS
OF DESTIN, LC, and THE CLUB
AT SILVER SHELLS, INC.,

        Appellees/Cross-Appellants.
_____/

Opinion filed February 21, 2017.

An appeal from an order of the Circuit Court for Okaloosa County.
John T. Brown, Judge.

Daniel M. Schwarz, Audrey M. Fisher, and Ron M. Campbell of Cole, Scott &
Kissane, P.A., Bonita Springs, for Appellants/Cross-Appellees.

Philip J. Padovano and Joseph T. Eagleton of Brannock & Humphries, Tallahassee;
Bruce P. Anderson of Bruce P. Anderson Law, Destin, for Appellees/Cross-
Appellants.

PER CURIAM.

In this appeal of a judgment awarding appellees $1,827,372.18 plus pre-judgment interest of $292,497.34, appellees filed a cross-appeal and motion for review pursuant to Florida Rule of Appellate Procedure 9.310(f) seeking review of the lower tribunal's order staying that judgment. They argue that the lower tribunal's order was legally insufficient in that it conditioned the stay pending appeal on appellants' posting of a $175,000 bond but failed to apply the automatic bond procedure outlined in Florida Rule of Appellate Procedure 9.310(b)(1), which appellees contend is the sole method of obtaining a stay of a money judgment. We disagree with this contention, and we affirm the trial court's order.

Rule 9.310(b)(1) provides:

*(1) Money Judgments.* If the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, without the necessity of a motion or order, by posting a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest. Multiple parties having common liability may file a single bond satisfying the above criteria.

Fla. R. App. P. 9.310(b)(1). This provision allows a party in an appeal of a money judgment to obtain a stay from the lower tribunal without following the procedure outlined in rule 9.310(a), which requires the filing of a motion to stay with the lower tribunal. The rule does not, however, eliminate the ability of a party to obtain a stay under rule 9.310(a) if it so chooses.

2

There exists a split among the District Courts of Appeal of this state on the question of whether rule 9.310(b)(1) is the only method of obtaining a stay of a judgment solely for the payment of money. The Third District has answered this question in the affirmative. See Mellon United Nat'l Bank v. Cochran, 776 So. 2d 964, 964 (Fla. 3d DCA 2000). The Second District has reached the opposite conclusion. See Platt v. Russek, 921 So. 2d 5, 7-8 (Fla. 2d DCA 2004); Waller v. DSA Group, Inc., 606 So. 2d 1234, 1235 (Fla. 2d DCA 1992). This court has not yet weighed in on the issue, but we now hold, along with the Second District, that rule 9.310(b)(1) is not the only avenue for obtaining a stay of a money judgment. A trial court has the authority, upon the motion of a party pursuant to rule 9.310(a), to enter a stay upon conditions other than a bond, so long as the conditions are adequate to ensure payment.[*] Platt, 921 So. 2d at 7-8; Waller, 606 So. 2d at 1235.

Appellees cite several cases that they assert stand for the proposition that a trial judge has *no* discretion to determine the bond amount in an appeal from a money judgment. See QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc., 94 So. 3d 541 (Fla. 2012); Mellon, 776 So. 2d 964; Taplin v. Salamone, 422 So. 2d 92 (Fla. 4th DCA 1982); Proprietors Ins. Co. v. Valsecchi, 385 So. 2d 749 (Fla. 3d DCA 1980). However, we read these cases as standing not for the proposition that the only means

---

[*] Here, appellees do not argue that the conditions imposed by the court are insufficient. Instead, their argument is limited to whether the court has the authority to enter a stay

of staying a money judgment is to utilize the automatic stay procedure of rule 9.310(b)(1), but rather that *when* a party opts to utilize this automatic stay provision, the trial court has no authority to alter the bond amount required by the rule. In QBE Ins. Corp., the court wrote:

> The Florida counterpart of this federal rule provides that if an order "is a judgment solely for the payment of money, a party may obtain an *automatic* stay of execution pending review, without the necessity of a motion or order, by posting a good and sufficient bond." Fla. R. App. P. 9.310(b)(1) (emphasis added). . . . The purpose of an appellate stay is to maintain the status quo in the lower tribunal while an appeal proceeds. If no bond is posted, the judgment creditor may execute on the judgment during the appeal. Palm Beach Heights Dev. & Sales Corp. v. Decillis, 385 So. 2d 1170, 1171 (Fla. 3d DCA 1980). . . . Under Florida law, the posting of a "good and sufficient bond" as provided in rule 9.310(b) results in an automatic stay pending appeal of an adverse money judgment. Palm Beach Heights, 385 So. 2d at 1171; Proprietors Ins. Co. v. Valsecchi, 385 So. 2d 749, 750 (Fla. 3d DCA 1980). The trial court has no discretion to change this amount or deny a stay when the bond requirements have been met.

94 So. 3d at 555. The question the court was considering in QBE Ins. Corp. was whether "language in an insurance policy mandating payment of benefits upon 'entry of a final judgment' require[s] an insurer to pay its insured upon entry of judgment at the trial level." Id. at 545. In answering this question, the court "conclude[d] that a contractual provision mandating payment of benefits upon 'entry of final judgment' does not waive the insurer's procedural right to post a bond pursuant to rule 9.310(b) to stay execution of a money judgment pending resolution of the appeal." Id. at 555-

of a money judgment pursuant to rule 9.310(a) upon conditions other than a bond.

56. Thus, despite the court's citation to <u>Palm Beach Heights</u> and <u>Proprietors Ins. Co.</u>, we do not read the holding in <u>QBE Corp.</u> so broadly as to suggest that rule 9.310(b)(1) is the only authorized means of staying a money judgment; rather, we interpret the ruling as applying to a party's rights and obligations *when* the automatic stay provision of rule 9.310(b)(1) is utilized.

The phrase "[e]xcept as provided by general law and in subdivision (b) of this rule" at the beginning of rule 9.310(a) does not alter the analysis. This phrase simply carves out the alternative procedure created in rule 9.310(b)(1). For the reasons expressed herein, we certify conflict with the Third District Court of Appeal's decision in <u>Mellon United National Bank v. Cochran</u>, 776 So. 2d 964 (Fla. 3d DCA 2000). Accordingly, appellees' motion for review filed November 14, 2016, is denied, and the trial court's order on the motion to stay is affirmed.

MOTION DENIED; ORDER AFFIRMED.

WOLF, RAY, and MAKAR, JJ., CONCUR.