LEWIS, J.,
dissenting.
A panel of the First District Court of Appeal concluded that a bond in the amount of $175,000 is a sufficient condition for a stay of the execution of a money judgment in the amount of $2,119,869.52 pending appeal, and that a trial judge has discretion to require a bond contrary to Florida Rule of Appellate Procedure 9.310(b) in an amount different than the amount calculated under rule 9.310(b), so long as the motion is granted under rule 9.310(a). See Silver Beach Towers Prop. Owners Ass’n, Inc. v. Silver Beach Invs. of Destin, LC, 42 Fla. L. Weekly D442, — So.3d -, 2017 WL 672138 (Fla. 1st DCA Feb. 21, 2017). In support of this novel principle of law, the First District relied on two prior decisions from the Second District reaching similar conclusions—Platt v. Russek, 921 So.2d 5, 7-8 (Fla. 2d DCA 2004), and Waller v. PSA Group, Inc., 606 So.2d 1234, 1235 (Fla. 2d DCA 1992). The First District also noted that its decision was in express and direct disagreement with the decision of the Third District in Mellon United National Bank v. Cochran, 776 So.2d 964, 964 (Fla. 3d DCA 2000), in which the Third District held that a trial court can only enter a stay of execution of a money judgment upon the movant’s posting of a bond in the full amount of the judgment plus the applicable statutory interest as required by the applicable rule. See Silver Beach, 42 Fla. L. Weekly D442-43, — So.3d at -. Noting the apparent importance of this matter and clear conflict, the First District even certified conflict with Mellon. Silver Beach, 42 Fla. L. Weekly at D443, — So.3d at -.
However, the conflict is much more widespread than the decision below reveals. Indeed, the Fourth District has consistently held, in agreement with the Third District, that a trial judge has no discretion to require a bond other than the full amount of the money judgment and applicable interest should a stay of execution pending appeal be ordered as required by our appellate rules. See Caruso v. Caruso, 932 So.2d 457, 458 (Fla. 4th DCA 2006); Campbell v. Jones, 648 So.2d 208, 209 (Fla. 3d DCA 1994); Taplin v. Salamone, 422 So.2d 92, 93 (Fla. 4th DCA 1982); Proprietors Ins. Co. v. Valsecchi, 385 So.2d 749, 751 (Fla. 3d DCA 1980); Palm Beach Heights Dev. & Sales Corp. v. Decillis, 385 So.2d 1170, 1171 (Fla. 3d DCA 1980); see also PS Capital, LLC v. Palm Springs *998 Town Homes, LLC, 9 So.3d 643, 646 (Fla. 3d DCA 2009); Begonia Corp. v. NAM Fin. Corp., 724 So.2d 714, 714 (Fla. 4th DCA 1999); Zuckerman v. Hofrichter & Quiat, P.A., 622 So.2d 1, 2 (Fla. 3d DCA 1993); Dice v. Cameron, 424 So.2d 173, 174 (Fla. 3d DCA 1983).[1]
Thus, today’s decision by the Majority to not accept jurisdiction results in a state judicial’ system in which money judgments entered in one jurisdiction are less reliable than those entered in a bordering jurisdiction because the territorial jurisdiction of the Second District borders that of both the Third and Fourth Districts. As a result, we now have a state expressly, directly, and sharply divided on an issue that is very basic and fundamental both to the proper functioning of a judicial hierarchy and to a society that leans on that hierarchy for predictability and stability. This unequal treatment threatens the ability of Floridians to be fully compensated when they seek redress in our courts and secure a judgment through due process.
Noting the certification of conflict by the First District, the petitioners in this case sought to invoke this Court’s constitutional authority to resolve such conflicts: “The supreme court ... may review any decision of a district court of appeal ... that is certified by it to be in direct conflict with a decision of another district court of appeal.” Art. V, § 3(b)(4), Fla. Const.; see art. V, § 3(b)(3), Fla. Const. (“The supreme court ’... may review any decision of a district court of appeal ... that expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.”). Despite the recurring inequity and daily impact resulting from this particular conflict, the Majority has chosen to not accept jurisdiction in this case to resolve the issue uniformly. I cannot join the Majority because the conflict presented in this case is one of great importance to all Floridians, rich or poor, incorporate or natural person, which fells squarely within this Court’s prerogative to resolve as the State’s supreme court.
In some ways, this is an abdication of this Court’s responsibility. The central issue in all of the district court, decisions turns on precisely what is required to perfect a stay of execution in connection with a money judgment.[2] For over two centuries, it had been a settled and uncontroversial principle of law that execution of a *999 judgment solely for money could be stayed pending appeal only through a bond for the full amount of the judgment and costs, including applicable interest. See, e.g., Kulhanjian v. Moomjian, 105 So.2d 783, 784 (Fla. 1958); State v. Palmer, 57 Fla. 541, 48 So. 638, 638 (1909); McGill v. McGill, 19 Fla. 341, 353 (1882). However, it appears the Second District ignored that centuries-old principle when it opined, in dicta in Waller, that Florida Rule of Appellate Procedure 9.130(a) alternatively authorizes a trial court to issue a stay pending appeal of a money judgment without a bond because that court discounted and attempted to essentially erase the language “[ejxcept as provided ... in subdivision (b) of this rule,” which references the longstanding money judgment exception. See Waller, 606 So.2d at 1235.[3] Nevertheless, referencing that which was clearly the Waller dicta, the Second District doubled down on this approach in Platt, noting once again that a trial court could require some conditions other than a bond for the full amount of the judgment plus the applicable interest to stay operation of money judgments. See Platt, 921 So.2d at 8. Now, the First District has followed that lead and exacerbated the dueling interpretations of rule 9.130 through its adoption of the Second District’s aberrant approach. As the highest court of this State and the one court responsible for the Rules of Appellate Procedure and the proper application, we are best equipped to interpret the plain language of our own rule. We should not contribute to the uncertainty through willful inaction.
Furthermore, the clear inequities caused by the split among the district courts will now assuredly encourage, forum shopping, particularly where one of the parties is of a corporate form with agents or employees throughout the state. Moreover, another consequence of this Court’s failure to address the issue once and for all will be even more pronounced forum shopping within the Fifth District. Nestled between the First, Second, and Fourth Districts, the Fifth District is the one district that has yet to opine on the issue of whether rule 9.310(a) empowers a trial court to impose a stay of execution on a money judgment without a bond in the full amount of the judgment plus interest. Until the Fifth District does so, the various circuit and county courts throughout the Fifth District are free to choose either position. Cf. Pardo v. State, 596 So.2d 665, 666 (Fla. 1992) (“[I]n the absence of inter-district conflict, district court decisions bind all Florida trial courts.”); State v. Hayes, 333 So.2d 51, 53 (Fla. 4th DCA 1976) (“Alternatively, if the district court of the district in which the trial court is located has decided the issue, the trial court is bound to follow it.... Contrarily, as between District Courts of Appeal, a sister district’s opinion is merely persuasive.”). Thus, because the Fifth District encompasses Orlando, one of Florida’s largest metropolitan centers, our failure to resolve the issue today means that litigants there will have continual uncertainty as to the security of their judgments if one litigant appeals and seeks a stay. But the *1000 problem is- even more acute—until the Fifth District decides this issue, the same circuit court within the Fifth District may require a full bond and interest in accordance with rule 9.310(b)(2) one day, only to require no bond the next day.
The division among the district courts also engenders differing litigation costs depending on the location in which a money judgment is entered.. For instance, litigants in one jurisdiction can now also expect additional costs of litigating cases in the First and Second Districts as there are likely to be far more hearings on the appropriate terms or conditions for securing a stay, whereas the lack of discretion in bond terms for money judgments given to trial judges in the Third and Fourth Districts renders such hearings impermissible for money judgments in those districts.
Accordingly, in light of not only the express and direct conflict but also the certified conflict regarding the requirements with regard to stays of execution on money judgments pending appeal, I cannot stand by as the Majority shirks its responsibility to resolutely and decisively resolve this recurring and important conflict.
Therefore, I dissent.
PARIENTE and QUINCE, JJ., concur.

. Although this Court has referenced rule 9.310(b) and suggested it is mandatory for money judgments, this Court has not squarely been presented with this issue. See Westgate Miami Beach, LTD. v. Newport Operating Corp., 55 So.3d 567, 571 n.4 (Fla. 2010) (“In order to stay execution of the final judgment, Newport had posted a letter of credit for the approximately $5 million in damages, plus 22%, as required by Florida Rule of Appellate Procedure 9.310(b)(1).’'); see also QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc., 94 So.3d 541, 555 (Fla. 2012) (“Under Florida law, the posting of a 'good and sufficient bond’ as provided in rule 9.310(b) results in an automatic stay pending appeal of an adverse money judgment.... The trial court has no discretion to change this amount or deny a stay when the bond requirements have been met.” (citing Palm Beach Heights, 385 So.2d at 1171; Valsecchi, 385 So.2d at 750)).

. The relevant provisions of Florida Rule of Appellate Procedure 9.310 provide;
(a) Application. Except as provided by general law and in subdivision (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.
(b) Exceptions.
(1) Money Judgments. If the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, without the necessity of a motion or order, by posting a *999 good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest. Multiple parties having common liability may file a single bond satisfying the above criteria.
Fla. R. App. P. 9.310(a), (b)(1) (emphasis added).

. The Waller language creating the division in the law at issue for the first time was dicta because the district court noted that “it does not appear that the defendant ever filed a motion for stay under rule 9.310(a).” Waller, 606 So.2d at 1235.