# Third District Court of Appeal

## State of Florida

Opinion filed April 18, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-300
Lower Tribunal No. 16-9731
_____

**The Waves of Hialeah, Inc.,**
Appellant,

vs.

**Julia Machado, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Luks, Santaniello, Petrillo & Jones, and Edgardo Ferreyra, Jr., Daniel J. Santaniello (Boca Raton), Heather M. Calhoon, and Daniel S. Weinger, for appellant.

The Haggard Law Firm, P.A., and James C. Blecke, for appellees.

Before EMAS, FERNANDEZ and LUCK, JJ.

PER CURIAM.

## ON MOTION FOR REVIEW

The Waves of Hialeah, Inc. ("The Waves"), the defendant and judgment debtor below, seeks review of the trial court's order denying its "Motion to Set Good and Sufficient Bond and Other Conditions." We generally review the trial court's order on a motion for supersedeas bond under an abuse of discretion standard. City of Lauderdale Lakes v. Corn, 415 So. 2d 1270 (Fla. 1982). However, to the extent that the trial court's determination rests upon the construction of a rule or statute, our review is *de novo*. See, e.g., R.J. Reynolds Tobacco Co. v. Sikes, 191 So. 3d 491 (Fla. 1st DCA 2016). For the reasons that follow, we deny the motion for review.

### FACTS AND BACKGROUND[1]

Appellees Julia Machado and Rafael Guevara, as co-personal representatives of the Estate of Yaimi Guevara Machado, filed suit against The Waves. The suit alleged that Yaimi was murdered while on the premises of The Waves, and that Yaimi's death was the result of negligent or inadequate security provided by The Waves.

Following a trial, the jury awarded damages in the total amount of twelve million dollars. Final judgment was entered on December 4, 2017, and the trial court denied The Waves' post-trial motions.

---

[1] The background facts are taken from appellant's motion for review and are accepted as true for purposes of this court's review.

Thereafter, The Waves filed a Motion to Set Good and Sufficient Bond and Other Conditions. In its motion, The Waves recognized that, pursuant to Florida Rule of Appellate Procedure 9.310(b)(1), where the judgment is "solely for the payment of money, a party may obtain an automatic stay of execution pending review, without the necessity of a motion or order, by posting a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on the total amount on which the party has an obligation to pay interest."

Notwithstanding this automatic stay provision for money judgments, The Waves asked the trial court to reduce the amount of the bond necessary for a stay pending appeal, suggesting that the posting of one million dollars, together with the setting of non-monetary conditions,[2] would constitute a "good and sufficient bond."

At the hearing on the motion, counsel for The Waves argued that the posting of a twelve million dollar bond (plus two years' interest at the statutory rate) "[w]ill most likely bankrupt my client." Also at the hearing, The Waves conceded that this court has previously construed rule 9.310(b)(1) as the only method by which an appellant may obtain a stay on a money judgment. Rule 9.310 provides in relevant part:

---

[2] The Waves suggested, as an additional condition, that it would execute an agreement not to dissipate any property or assets during the pendency of the appeal.

3

**(a) Application.** Except as provided by general law and in subdivision (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.

**(b) Exceptions.**
(1) *Money Judgments*. If the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, without the necessity of a motion or order, by posting a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest. Multiple parties having common liability may file a single bond satisfying the above criteria.

The trial court denied The Waves' motion to reduce the amount of the supersedeas bond, and this motion for review follows.

## ANALYSIS

We acknowledge a conflict exists between this court and two of our sister courts on the issue of whether a trial court, in the exercise of its discretion, may reduce the amount or otherwise alter the conditions of a supersedeas bond.[3]  We

---

[3] This court has held that if a judgment debtor seeks to stay execution of a money judgment pending appeal, "he may obtain a stay '***only*** by the posting of the bond in the amount set forth in Rule 9.310(b).'" Mellon United Nat'l Bank v. Cochran, 776 So. 2d 964 (Fla. 3d DCA 2000) (quoting Campbell v. Jones, 648 So. 2d 208, 209 (Fla. 3d DCA 1994)) and Palm Beach Heights Dev. & Sales Corp. v. Decillis, 385 So. 2d 1170, 1171 (Fla. 3d DCA 1980)) (emphasis added).  Compare Silver Beach Towers Prop. Owners Ass'n, Inc. v. Silver Beach Investments of Destin, LLC, 231 So. 3d 494, 495 (Fla. 1st DCA 2017) (review denied, 223 So. 3d 997 (Fla. 2017)), wherein the First District held that "rule 9.310(b)(1) is not the only avenue for obtaining a stay of a money judgment.  A trial court has the authority, upon the motion of a party pursuant to rule 9.310(a), to enter a stay upon conditions other

need not belabor this point, however, because in 2006, the Legislature enacted section 45.045, Florida Statutes (2006), which supplements rule 9.310 and authorizes the trial court, under certain circumstances and upon a proper showing, to reduce the amount, or otherwise alter the conditions, of a supersedeas bond. Section 45.045 provides:

> (1) Except for certified class actions subject to s. 768.733, in any civil action brought under any legal theory, the amount of a supersedeas bond necessary to obtain an automatic stay of execution of a judgment granting any type of relief during the entire course of all appeals or discretionary reviews, may not exceed $50 million for each appellant, regardless of the amount of the judgment appealed. The $50 million amount shall be adjusted annually to reflect changes in the Consumer Price Index compiled by the United States Department of Labor.
>
> (2) _In any civil action brought under any legal theory, a party seeking a stay of execution of a judgment pending review of any amount may move the court to reduce the amount of a supersedeas bond required to obtain such a stay. The court, in the interest of justice and for good cause shown, may reduce the supersedeas bond or may set other_

than a bond, so long as the conditions are adequate to ensure payment;" and <u>Platt v. Russek</u>, 921 So. 2d 5, 7-8 (Fla. 2d DCA 2004):

> Although a bond in the amount required for an automatic stay under rule 9.310(b)(1) may, as a general rule, be the appropriate condition for a stay of execution, we disagree with the Third District that it is the only condition. Rule 9.130(a) governs the procedure by which a party may move a trial court for a stay of a final or nonfinal order pending appellate review. The trial court, in its discretion, may grant or deny a motion for stay, and a stay "may be conditioned on the posting of a good and sufficient bond, other conditions, or both." Rule 9.310(b)(1) states that if the order sought to be stayed is solely a money judgment, a party need not file a motion pursuant to rule 9.310(a) to obtain an order staying execution but may obtain an automatic stay of execution upon posting the requisite bond.

5

*conditions for the stay with or without a bond. The court may not reduce the supersedeas bond if the appellant has an insurance or indemnification policy applicable to the case*. This subsection does not apply to certified class actions subject to s. 768.733.

(3) If an appellant has posted a supersedeas bond for an amount less than that which would be required for an automatic stay pursuant to Rule 9.310(b)(1), Florida Rules of Appellate Procedure, the appellee may engage in discovery for the limited purpose of determining whether the appellant has dissipated or diverted assets outside the course of its ordinary business or is in the process of doing so.

(4) If the trial or appellate court determines that an appellant has dissipated or diverted assets outside the course of its ordinary business or is in the process of doing so, the court may enter orders necessary to protect the appellee, require the appellant to post a supersedeas bond in an amount up to, but not more than, the amount that would be required for an automatic stay pursuant to Rule 9.310(b)(1), Florida Rules of Appellate Procedure, and impose other remedies and sanctions as the court deems appropriate.

Accordingly, we need not consider in this case whether our decisions in

Cochran, Campbell and Decillis are in conflict with Silver Beach and Platt, in light

of the discretion now conferred upon the trial court by the Legislature's 2006

enactment of section 45.045(2),[4] which authorizes a trial court to, under

---

[4] Neither party contends that this statute, or the particular provision at issue, unconstitutionally encroaches upon the Florida Supreme Court's rule-making authority. See Art. V, § 2(a), Fla. Const. (providing: "The supreme court shall adopt rules for the practice and procedure in all courts . . . ."); Abdool v. Bondi, 141 So. 3d 529, 538 (Fla. 2014) (holding that "the Florida Constitution grants this Court the exclusive authority to adopt rules of judicial practice and procedure for actions filed in this State"). We need not and therefore do not reach that issue here, but note that subsection (1) of this statute has previously been upheld against such a challenge. See, e.g., BDO Seidman, LLP v. Banco Espirito Santo Int'l, Ltd., 998 So. 2d 1 (Fla. 3d DCA 2008) (upholding the constitutionality of the statutory $50 million cap on a supersedeas bond notwithstanding rule 9.310(b)(1)'s

appropriate circumstances and showing, and with adequate conditions, reduce a supersedeas bond to some amount less than "the principal amount of the judgment plus twice the statutory interest" as otherwise required for an automatic stay under rule 9.310(b)(1).

Importantly for our purposes, however, that same statute also creates an exception to the exercise of this discretion, expressly providing that the trial court "may not reduce the supersedeas bond if the appellant has an insurance or indemnification policy applicable to the case." § 45.045(2), Fla. Stat. The Waves has acknowledged that it had an insurance policy, applicable to this case, in the amount of one million dollars. Therefore, the trial court could not, and properly did not, reduce the amount of the supersedeas bond.

The motion for review is therefore denied.

---

requirement that a good and sufficient bond for a money judgment must be "equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments"). See also Fla. R. App. P. 9.310(a) ("*Except as provided by general law* and in subdivision (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief.") (Emphasis added.)